```
IN THE UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF CALIFORNIA


United States of America,
       Plaintiff,

vs.                                 Fresno, California
                                    No. 1:21-cr-00022
Nathan Daniel Larson,               Wed., Apr. 28, 2021
       Defendant.                   2:29 p.m.
_____/

             TRANSCRIPT OF HEARING VIA ZOOM
 BEFORE THE HONORABLE BARBARA A. MCAULIFFE, MAGISTRATE JUDGE
                      ---oOo---


APPEARANCES:

 For the Plaintiff:           United States Attorney
                              2500 Tulare Street
                              Suite 4401
                              Fresno, California  93721
                              By:  Brian William Enos
                              Assistant U.S. Attorney


 For the Defendant:           Wanger, Jones, Helsley, PC
                              265 E. River Park Circle,
                              Suite 310
                              Fresno, CA   93720
                              By: Peter Michael Jones
                              Attorney at Law




 Official Court Reporter:     Kimberly M. Bennett,
                              CSR, RPR, RMR, CRR
                              501 I Street
                              Sacramento, CA 95814



 Proceedings recorded by mechanical stenography, transcript
 produced by computer-aided transcription
```

1        (Court called to order, 2:29 p.m.)
2             THE COURT:  Okay.  Let me call the last case.  The
3   United States versus Nathan Daniel Larson, Case No. 21-22.
4      May I have your appearances, starting with the government.
5             MR. ENOS:  Brian Enos, United States.
6             THE COURT:  Okay.  And for Mr. Larson.
7             MR. JONES:  Peter Jones for Nathan Larson.
8             THE COURT:  Okay.
9             MR. JONES:  Appearing on video conference.  And
10  Mr. Larson is objecting to that form of appearance.
11            THE COURT:  Yes.  I understand.
12     Hi, Mr. Larson.  This -- I am Judge McAuliffe.  I
13  understand that you wish to have a Faretta hearing in which you
14  wish to go through the colloquy to see if you can represent
15  yourself, right?
16            THE DEFENDANT:  Yes, ma'am.
17            THE COURT:  But you're objecting, you don't want to
18  do that by video with me here today; is that right?
19            THE DEFENDANT:  Yes.  I put my objections in writing.
20            THE COURT:  Right.  Now, I did receive two letters
21  from you that were -- well, I didn't receive them, they were --
22  Mr. -- Mr. Jones forwarded them.  And I did receive two
23  handwritten letters from you, in which you stated what letter
24  one and letter two, and letter two was -- to me it was letter
25  two, I don't know if it was letter one to you, but it was

1  letter two to me, that you were objecting about a video
2  conference.
3       And let me just tell you what my concern is.  If we don't
4  go -- if you object to the video conference, at least for this
5  kind of proceeding, you don't -- you have the right to object
6  to other proceedings being by video, some of them, but if we --
7  if we -- if we don't go forward today on the -- by video, then
8  it's -- your matter is going to be put out a little bit so that
9  we can make the arrangements to have a personal appearance in
10 court.  I wanted to let you know that, so.
11      Then the other aspect of this is, if we don't do video and
12 we do appear in court, I know you're objecting to wearing a
13 mask, I won't let that happen.  You'll have to wear a mask in
14 court.  It's just the way it's going to be.  But if you want to
15 have a personal appearance -- we can go forward today by video,
16 that's perfectly fine by me and we can go through the colloquy.
17 And it would be my preference.  But if you are -- if you don't
18 want to do that, tell me what you want to do.
19           THE DEFENDANT:  I've already put my position in my
20 statement that I gave.
21           THE COURT:  Well, I'm trying to get clarification
22 because the statement about personal appearance, your statement
23 related to things like witnesses appearing, voir dire, jury,
24 that kind of thing, and none of that will be happening in this
25 proceeding.  So I'm asking for clarification of what you're --

1  what you're asking.
2         THE DEFENDANT:  Well, basically you're asking what my
3  second choice would be, because you're basically saying my
4  first choice isn't available.
5         THE COURT:  Well, I'm not saying your first choice.
6  I'm just asking if -- all I'm asking is, are you willing to go
7  forward today by video, that's all I'm asking, for
8  clarification.
9         THE DEFENDANT:  I -- I object to it.
10         THE COURT:  All right.  That's fine.  Then we'll have
11  to set this matter over.  I do want to talk about that a little
12  bit with counsel.  But I will -- I will let you know,
13  Mr. Larson, that -- that if we have an in court -- when we have
14  an in court proceeding, and we go through the Faretta inquiry,
15  I will require you to wear a mask.  That is just the way things
16  are in our courthouse.  That's the rules of the courthouse.
17  You have to follow the rules.  If you object to that at the
18  time of the hearing, the hearing will be over.  That's just how
19  things are because we -- every person has to wear a mask coming
20  into the court and for any proceeding in the court.
21     Do you understand that?
22         THE DEFENDANT:  Why do you do it that way rather than
23  overruling the objection and letting me preserve?  Why do I
24  have to withdraw the objection?
25         THE COURT:  Why do you have to what?

1              THE DEFENDANT:  Why do I have to withdraw the
2     objection?  I'm wondering why you don't overrule it and let it
3     be preserved for appeal.
4              THE COURT:  Well, because I'm willing to -- you may
5     have a right to be in court for a personal appearance as
6     opposed to video, but you do not have a constitutional right to
7     not wear a mask.  There is no such thing.  And so in -- in our
8     courts, that is required.
9        And so what I'm saying to you is, I can set a hearing for
10    in person, but when we're there you will be wearing a mask.
11    That's just -- that is what's going to happen.
12       And to the extent you're saying I need to overrule your
13    objection to not wear a mask, then I will overrule that.  And
14    if you continue -- if you -- if you don't want to wear a mask
15    then the hearing at that time will be ended.  It's kind of like
16    a forewarning of what might happen.  And I don't want that to
17    happen.  I want -- I want to be able to go through the
18    substance of what you are asking.
19             THE DEFENDANT:  So what are you looking for from me
20    right now?
21             THE COURT:  An understanding that if we have an in
22    court proceeding you'll be wearing a mask.  You can put your
23    objection on the record at that time if you want, that's
24    perfectly fine, but I just want you to understand that you will
25    be wearing a mask.

1                THE DEFENDANT:  I've heard you.

2                THE COURT:  All right.

3        All right.  So let's -- let's have -- I want to talk to

4    counsel a little bit about this, for having an in court

5    proceeding.

6        What I'm thinking about, because of the availability of the

7    courtroom -- the ceremonial courtroom, which is set up with the

8    appropriate spacing and Plexiglas, we're looking at not this

9    Friday, next Friday, May --

10               MR. ENOS:  Can I interject one thing, Your Honor,

11   which may weigh in the Court's ultimate decision --

12               THE COURT:  Sure.

13               MR. ENOS:  -- with respect to when to set the

14   Faretta?

15       The government intends, and is even happy to set a briefing

16   schedule today if this Court is willing to do that and able to

17   do that, to file a motion before Judge Drodz, I believe,

18   although it may be this courtroom, for a competency hearing.

19       The government has some information that it would like to

20   present to the Court so the Court can ultimately determine

21   whether or not to order a competency exam pursuant to 18 USC, I

22   believe the statute sections are 4241 through 4247.

23       Defendant has two prior competency slash sanity exams that

24   were performed on him as part of his prior prosecution in

25   Colorado.  I understand that defendant does not want to provide

1  those to us, even though we have them.  That's fine.  My agent
2  is trying to obtain copies of those, but thus far has been
3  unsuccessful.
4      But either way, whether we get them or not, the government
5  would be prepared to file a motion for a competency exam within
6  three weeks, and so hopefully as soon thereafter Mr. Jones
7  feels comfortable having time to respond to it, and then the
8  Court can schedule a hearing.  That may be kind of a predicate
9  step that we're going to need to go through to, you know, even
10 determine whether or not Mr. Larson's waiver of his right to
11 counsel is knowing and intelligent, which is, you know, part of
12 the analysis.  I actually have a citation here, US v Gerritsen,
13 571 F.3d 1001, Ninth Circuit, 2009.
14     We would request that the competency hearing take place
15 prior to a continued Faretta hearing for the reasons just
16 stated.
17         THE DEFENDANT:  Your Honor, I would object to that.
18 I want to represent myself in the competency proceedings
19 because my position on them is likely to be different from my
20 attorney's.
21         THE COURT:  What is that cite, Mr. -- Mr. Enos?
22         MR. ENOS:  It's United States versus Gerritsen,
23 G-E-R-R-I-T-S-E-N, the case citation is 571 F.3d 1001.  The
24 specific page cite is right around there, I believe it's 1007.
25     And bottom line is, you know, as I'm sure the Court is well

1  aware, that any Faretta determination, or determination to
2  represent yourself, has to be knowing and intelligent.  And I
3  think to get there we need to indeed have Mr. Larson's
4  competency examined, or at least give the government an
5  opportunity to file a motion with the Court so the Court can
6  make that determination.
7     And, frankly, part of our motion is if defendant doesn't
8  want to give us the two prior psych evaluations done on him,
9  then I don't need to see it, but I'll just say as part of my
10 briefing I anticipate putting in a footnote asking the Court to
11 also review that information, in addition to other information
12 that I have that is part of the public record, in camera so the
13 record is very clear with respect to competency issues, and
14 the -- I believe the district court would rule on this, the
15 district court's ability to assess relevant information to
16 determine whether or not he indeed is competent to -- to, you
17 know, proceed in this case.
18          THE COURT:  All right.  So -- so let's just talk for
19 a second.  I don't feel comfortable making that decision to
20 have a Faretta hearing today.  And -- well, first of all, he's
21 not consenting to having a Faretta on -- on the -- on video, so
22 we'd have to reschedule that.  I think I need a couple of days
23 to do a little research into this issue to determine if --
24 which comes first, the chicken or the egg here, the Faretta
25 hearing or the competency hearing, and then potentially set

1   whatever hearing would be necessary, whichever way it goes.

2   　　　So what I'm thinking is that we can -- today is Wednesday

3   -- continue this until Friday, at which time I can make a

4   determination how we're going to proceed.

5   　　　So, Mr. -- Mr. Larson, I'm -- I'm not ruling one way or the

6   other.  I hear what you say, that you want to be able to

7   represent yourself so Faretta should come first, I hear that.

8   The government says the competency exam comes first -- or the

9   determination of competency comes first.  I can't make that

10  decision as I sit here today.  So I'm going to do a little

11  research, we'll come back on Friday, and -- and then take up

12  that issue.

13  　　　Mr. Enos, is that a problem for you?

14  　　　　　MR. ENOS:  No.  I appreciate the Court measuring

15  twice and -- what's it called -- and cutting once, I guess is

16  the phrase.  So I'm happy to take this step.

17  　　　I'll reserve anything else I had to say with respect to the

18  Faretta hearing since we're not having it today.  Your know,

19  I'm not going to waste the Court's time in repeating something

20  X weeks from now that I already said today.  So that makes

21  perfect sense to the government.

22  　　　　　THE COURT:  All right.  Mr. Jones, are you available

23  Friday?

24  　　　　　MR. JONES:  Yes, I'm available.

25  　　　Just for the record, I'm not expressing a doubt as to

1  Mr. Larson's competency.  My reading of the statute Mr. Enos is
2  referencing seems to indicate he has a right to request the
3  competency hearing.  But for the record, we're not expressing a
4  doubt or asking for it, and Mr. Larson wants an objection on
5  the record that -- regarding even holding one.
6     Regarding the -- the psychiatric reports that I obtained,
7  the -- the fact that they were ordered and done is on the
8  record in -- in the federal court in Colorado.  And -- however,
9  I don't know if the reports -- they may be available through
10  other means, but as far as my providing them, we're not at this
11  point raising a mental defense, and the -- my client had to
12  sign a -- an agreement, a waiver, for me to obtain those, and
13  he personally objected to them being -- he signed the waiver
14  but he's -- objects to, at least at this point, distributing
15  those as a -- in the form of reciprocal discovery.  So I wanted
16  to put that on the record on his behalf.
17      He has also -- I don't recall if it was on the record last
18  time, but stated he did not want to have time excluded for any
19  purpose.  However, he -- he is a -- in a position where if he
20  will not proceed via video conferencing, and if the Court finds
21  that there is a justification to go forward with the competency
22  hearing first, then I think that that would override that
23  objection.
24          THE COURT:  All right.  And I don't know, Mr. Jones,
25  if you want Mr. Larson to say anything.  Mr. Larson has -- I

1   understand what his position is, I think.  So, you know, I --
2               THE DEFENDANT:  My --
3               THE COURT:  Go ahead.  Go ahead, Mr. Larson.
4               THE DEFENDANT:  Self representation is usually an
5   absolute right, and thus far nothing has been presented that
6   really gives much grounds for delaying my being able to go
7   forward with exercising that.  I mean, maybe later, after he
8   files something, but I mean nothing -- just saying, okay, you
9   are -- you were evaluated for competency before and found
10  competent, I don't see how that really gives a whole lot of
11  grounds for saying we can't go ahead with the Faretta hearing,
12  you know.
13              THE COURT:  Well, I'm not saying we're not and I'm
14  not saying we are.  I'm saying the Court needs to determine
15  which comes first.  And I know you want to go forward with the
16  Faretta hearing, but we would not be going forward with the
17  Faretta hearing until next week anyway because I can't get the
18  arrangements made for -- for the court to be available -- the
19  physical court to be available for us to proceed.
20       So what I'm going to do is continue this matter until
21  Friday to do what I said, which is a little bit of research to
22  find out which comes first, or at least enough information to
23  make a determination of which should come first.  And -- and
24  obviously if the -- the competency issue comes first, that
25  would be briefed, and everyone would have an opportunity to

1  respond to that.  But at this moment in time I'm not making
2  that determination.
3          THE DEFENDANT:  It -- and, Your Honor, the -- there
4  is nothing holding the prosecution back at this point from
5  going ahead and submitting that brief.  I mean, the sooner that
6  gets in, the better, right, because then we can respond and so
7  on.
8          THE COURT:  Well, that's true.  And I haven't set a
9  briefing schedule because I haven't determined what right comes
10 forward.
11         THE DEFENDANT:  I'm fine with waiting until Friday to
12 get more clarity on that.
13         THE COURT:  Yeah.  All right.  All right.  Let's --
14         MR. ENOS:  Your Honor, if -- I agree with Mr. Larson
15 in this respect.  I'm still planning -- I know we have not set
16 a briefing schedule, but I'm going to still nevertheless plan
17 on getting something on file in no more than three weeks from
18 today, even assuming we'll wait until Friday to set a briefing
19 schedule.
20         THE COURT:  All right.
21         MR. ENOS:  I'm not going to delay it.
22    And just so the defense knows, we're not delaying with our
23 obligations to supplement discovery either.  I'm working on
24 preparing supplemental discovery for Mr. Jones, particularly
25 appropriate in this case in light of COVID, in light of the

1  Adam Walsh considerations with respect to electronic discovery,
2  in light of a protective order in place, so on and so forth.
3  So, even between now and Friday the government will not be
4  sitting on its hands.
5              THE DEFENDANT:  I appreciate that.
6              THE COURT:  All right.  So based upon -- based upon
7  what I have heard, the parties are not in a position to proceed
8  and I will make an ends of justice finding that time should be
9  excluded until Friday for case preparation, settlement
10 exploration, pre-plea negotiations, court preparation.  And so
11 April 30, 2:00 p.m., we'll be back and I'll make a decision
12 what -- how we're going to proceed.
13     All right.  Anything further, Mr. Enos?
14             MR. ENOS:  No, Your Honor.  Thank you.
15             THE COURT:  All right.  Mr. Jones?
16             MR. JONES:  No.  Thank you.
17             THE COURT:  All right.  Thank you.  All right.
18 Everybody stay well.  Thank you.  We're in recess.
19                 (Proceedings adjourned, 2:49 p.m.)
20                           ---oOo---
21 I certify that the foregoing is a correct transcript from the
22 record of proceedings in the above-entitled matter.
23
24                         /s/ Kimberly M. Bennett
                          KIMBERLY M. BENNETT
25                        CSR No. 8953, RPR, CRR, RMR