UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. STANLEY A. BOONE, MAGISTRATE JUDGE

```
UNITED STATES OF AMERICA,     )
                              )
         Plaintiff,           )  No. 21-CR-22-NONE
                              )
vs.                           )  ARRAIGNMENT AND PLEA
                              )
NATHAN DANIEL LARSON,         )
                              )
         Defendant.           )
_____)
```

Fresno, California                      Thursday, February 25, 2021

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Plaintiff:        United States Attorney's Office
                          BY: **BRIAN ENOS**
                          2500 Tulare Street
                          Suite 4401
                          Fresno, California 93721

For the Defendant:        Federal Defenders Office
                          BY: **JAYA GUPTA**
                          2300 Tulare Street
                          Suite 330
                          Fresno, California 93721

REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer aided transcription.

```
1   Thursday, February 25, 2021                    Fresno, California
2   2:32 p.m.
3              THE COURT:  All right.  Just waiting for Fresno
4   County to provide item number nine we'll be calling.
5              THE CLERK:  Item number nine, Nathan Larson is in
6   quarantine.  He's on the phone.
7              THE COURT:  He is.  Mr. Larson, if you could star 6.
8   Mr. Larson, can you hear me?
9              THE DEFENDANT:  This is Nathan Larson.
10             THE COURT:  Yes.  Mr. Larson.  Can you hear me?
11             THE DEFENDANT:  I am.  I can.
12             THE COURT:  All right.  Thank you.  Ms. Gupta, for
13  purposes of today, does your client consent to proceed via
14  telephonic for purposes of this hearing today?
15             MS. GUPTA:  Yes, Your Honor.
16             THE COURT:  All right.  And --
17             THE DEFENDANT:  Your Honor, objection.
18             THE COURT:  All right.
19             THE DEFENDANT:  I intend to proceed pro se in this
20  case.  And I do not consent to the holding of the hearing by
21  teleconference because of studies that indicate that hearings
22  held by video conference and to have worse results for the
23  defendant.  Such as higher bail.
24             THE COURT:  All right.  I don't know of such results.
25  And there's no evidence before the Court that that is the
```

1 case.  So Mr. Enos, do you consent to proceed via telephonic
2 for today's hearing?
3       MR. ENOS:  The government does, yes.
4       THE COURT:  All right.  Mr. Larson, we'll have to go
5 through some representation issues with regard to determining
6 whether or not you can represent yourself.  Do you understand
7 that?
8       THE DEFENDANT:  I do.  And with regard to studies,
9 given that I'm in jail, that's why I'm not able to provide
10 those to the Court right now.
11       THE COURT:  Okay.  Do you have them with you right
12 there?
13       THE DEFENDANT:  No.  I just remember from articles
14 that I read before I got locked up.
15       MS. GUPTA:  Your Honor, if I may interrupt.
16       THE COURT:  Yes.
17       MS. GUPTA:  If we could get appointed for the
18 purposes of this hearing.  And then if Mr. Larson wants to go
19 pro per, he can do that at the next hearing.
20       THE COURT:  All right.  Very well.  Mr. Larson, you
21 are charged in an indictment out of this district, first in
22 Count One with a violation of 18 United States Code, Section
23 1201(a), (d) and (g), kidnapping and attempt to kidnap.
24       If convicted of this offense, you could be ordered to
25 serve imprisonment up to a maximum of life, a $250,000 fine,

```
 1   both fine and imprisonment.  Mandatory minimum supervised
 2   release of five years to a maximum of life and a $100 special
 3   assessment.
 4           You're also charged in Count Two with a violation of
 5   18 United States Code, Section 2423(a), transportation of a
 6   minor with intent to engage in illegal sexual activity.
 7           If convicted of this offense, you could be ordered to
 8   serve up to a mandatory minimum of ten years imprisonment to a
 9   maximum of life, a $250,000 fine, both fine and imprisonment.
10   Mandatory minimum supervised release of five years to a
11   maximum of life.  A $100 special assessment and a $5,000
12   additional special assessment.
13           You're also charged in Count Three with a violation
14   of 18 United States Code, Sections 2422(b), online coercion
15   and enticement.
16           If convicted of this offense, you could be ordered to
17   serve up to a mandatory minimum of ten years imprisonment to a
18   maximum of life imprisonment, pay a $250,000 fine, both fine
19   and imprisonment.  Mandatory minimum supervised release of
20   five years to a maximum of life.  Also a mandatory $100
21   special assessment and an additional $5,000 special assessment
22   based upon the nature of the crime.
23           You're also charged in Count Four with a violation of
24   18 United States Code, Section 2251(a) and (e), sexual
25   exploitation of a minor and attempt.
```

1        If convicted of this offense, you could be ordered to
2   serve up to a mandatory minimum of 15 years imprisonment, up
3   to a maximum of 30 years imprisonment, pay a fine of $250,000,
4   both fine and imprisonment.  Supervised release mandatory
5   minimum of five years up to a maximum of life.  A $100 special
6   assessment and a $5,000 special assessment based upon the
7   nature of the offense.
8        You're also charged in Count Five with the violation
9   of 18 United States Code, Section 2252(a)(2), receipt and
10  distribution of child pornography.
11       If convicted of this offense, you could be ordered to
12  serve up to a mandatory minimum of five years imprisonment to
13  a maximum 20 years imprisonment, pay a $250,000 fine, both
14  fine and imprisonment.  Supervised release mandatory minimum
15  of five years to a maximum of life.  A mandatory $100 special
16  assessment and an additional special assessment of $5,000
17  based upon the nature of the offense.  There's also a
18  forfeiture allegation.
19       Mr. Larson, I'll remind you you have the right to
20  remain silent.  Anything you say can and will be used against
21  you in a court of law.  Also if you're not a United States
22  citizen, you have the right to have your consular of your
23  nationality advised of your arrest.
24       And pursuant to the Federal Rules of Criminal
25  Procedure 5(f), the government is ordered to comply with its

1   discovery obligations as required by federal law, including
2   those duties imposed by *Brady versus Maryland* and all
3   applicable decisions interpreting *Brady*. This order does not
4   relief any party of its discovery obligations. Failure to
5   comply with the government's obligation under *Brady* may
6   include sanctions, referral to a disciplinary authority,
7   adverse jury instruction, exclusion of evidence and dismissal
8   of the charges.
9            Also you have the right to have court appointed
10  counsel appointed for you in this case. And I'm in receipt of
11  your financial affidavit, it appears you qualify for the
12  services of court appointed counsel so I will appoint court
13  appointed counsel to represent you. Ms. Gupta.
14           MS. GUPTA: Thank you, Your Honor. We've received a
15  copy of the indictment. I have reviewed it with Mr. Larson.
16  His name is correctly set forth therein. We waive further
17  reading of the indictment and advisement of his rights. He
18  enters a plea of not guilty to all charges. He denies the
19  forfeiture allegation. We request discovery and we request to
20  set a status conference for the end of April.
21           THE COURT: All right. Mr. Enos, is the government
22  requesting detention?
23           MR. ENOS: Yes, Your Honor.
24           THE COURT: And are you requesting reciprocal
25  discovery?

1    MR. ENOS:  We are, Your Honor.  And with respect to
2  discovery, I sent defense counsel a draft stipulation and
3  proposed order.  If the parties can agree to that, I would be
4  able to provide discovery without redactions as there's some
5  confidential information about the parties in there.  So we
6  have discovery ready to go.  We're hoping to get that
7  protective order in place and we're requesting reciprocal
8  discovery.
9    THE COURT:  I will enter the defendant's not guilty
10 pleas.  Note that his true name is correctly set forth.  I
11 will enter a denial as to the forfeiture allegation.  I will
12 order initial discovery two weeks from today's date.  I will
13 order reciprocal discovery three weeks from today's date.
14 I'll remind the parties of their continuing duties to
15 supplement the discovery pursuant to Local Rule 440 and
16 Federal Rule of Criminal Procedure 16.
17   Ms. Gupta, when would you like the detention hearing?
18   MS. GUPTA:  Your Honor, we would submit on detention
19 with the understanding that we have the right to re-open at a
20 later time.
21   THE COURT:  All right.  Mr. Enos?
22   MR. ENOS:  Yeah, Your Honor.  The government moves
23 for detention and notes that this is a presumption case and
24 that defense has submitted on the report.  Mr. Larson was
25 indeed not interviewed.  He has no local ties.  And the nature

1   of the charges themselves demonstrate what a danger he is to
2   the community.  And so we would submit on the information
3   provided in Officer Guerrero's report of earlier today.
4          THE COURT:  All right.  Then the matter is submitted.
5   The Court has carefully considered the facts and
6   circumstances.  Mindful of the standard under 3142.  Also
7   mindful that this is a presumption case.
8          I find in this case that the defendant is ordered
9   detained and that there are no conditions or combination of
10  conditions which will reasonably assure his appearance and/or
11  the safety of the community.  The reason for my decision is
12  the nature and circumstance of the offense, which is the least
13  considered factor but it nevertheless is a factor that is not
14  ignored.  In this case, the defendant's past criminal history,
15  his lack of ties, his lack of financial resources.  And for
16  those reasons, he is ordered detained.
17         With regard to an April setting, Ms. Gupta.  What
18  day?
19         MS. GUPTA:  I did not have a date in front of me, but
20  late April.
21         THE COURT:  All right.  Ms. Hernandez?
22         THE CLERK:  April 21st at one o'clock before Judge
23  Oberto.
24         THE COURT:  Is that agreeable, Ms. Gupta?
25         MS. GUPTA:  Yes, Your Honor.

1        THE COURT:  Mr. Enos?
2        MR. ENOS:  Yes, Your Honor.  That's fine.  One
3   o'clock; correct?
4        THE COURT:  Yes.  Thank you.
5        MR. ENOS:  And the government would move for a time
6   waiver for the reasons stated in today's appearance.
7        THE COURT:  Ms. Gupta?
8        MS. GUPTA:  We agree to waive time.
9        THE COURT:  All right.  The Court in this case will
10  continue this matter for purposes of status conference on
11  April 21st, 2021 at one p.m.  I find good cause for the
12  exclusion of time in that the defense will need an opportunity
13  to review the discovery.  And that --
14       THE DEFENDANT:  Your Honor.
15       THE COURT:  -- the time in this case -- Mr. Larson,
16  you have a right to remain silent.  So I'll let you at a later
17  point in time speak with your attorney with regard to this
18  matter.  Okay?  Thank you.
19       THE DEFENDANT:  I want to make sure I'm not waiving
20  any speedy trial rights.
21       THE COURT:  All right.  Ms. Gupta?
22       MS. GUPTA:  Your Honor, we've agreed to waive time.
23  That is not a waiver of Mr. Larson's speedy trial rights.
24       THE COURT:  All right.  Mr. Enos?
25       MR. ENOS:  Government agrees with Ms. Gupta in this

1   regard.  And for the reasons stated earlier in this hearing,
2   we believe that time is properly waived until April 21.
3           THE COURT:  All right.  In light of the discovery in
4   this case, I find good cause for the exclusion of time under
5   the Speedy Trial Act of the United States Constitution, that
6   the ends of justice are served and that the exclusion of time
7   outweighs both the defendant and the public's interest in a
8   speedy trial and therefore exclude time from today's date
9   until April 21st, 2021 at one p.m.
10          Anything further by any party?
11          MS. GUPTA:  No, Your Honor.
12          MR. ENOS:  No, Your Honor.
13          THE COURT:  All right.  Thank you.
14       (The proceedings were concluded at 2:21 p.m.)
15
16          I, KAREN HOOVEN, Official Reporter, do hereby certify
17  that the foregoing transcript as true and correct.
18
19  DATED:  10th of June, 2021        /s/  Karen Hooven
                                      KAREN HOOVEN, RMR-CRR
20
21
22
23
24
25