```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

               HON. SHEILA K. OBERTO, MAGISTRATE JUDGE


UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )   No. 21-CR-22-NONE
                              )
vs.                           )   STATUS CONFERENCE
                              )
NATHAN DANIEL LARSON,         )
                              )
          Defendant.          )
_____)

Fresno, California                    Wednesday, April 21, 2021



                REPORTER'S TRANSCRIPT OF PROCEEDINGS
```

**APPEARANCES OF COUNSEL**:

For the Plaintiff:       United States Attorney's Office
                         BY: **BRIAN ENOS**
                         2500 Tulare Street
                         Suite 4401
                         Fresno, California 93721


For the Defendant:       Wanger Jones Helsley
                         BY: **PETER JONES**
                         265 East River Park Circle
                         Suite 310
                         Fresno, California 93720


REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer aided transcription.

```
1    Wednesday, April 21, 2021                         Fresno, California
2    1:06 p.m.
3              THE COURT:  Going to the next case on the calendar.
4    And that is United States versus Nathan Daniel Larson.  We
5    will wait until Mr. Larson -- well, actually, I see Mr.
6    Larson.  He has joined us.  And that is action number
7    21-CR-22.  If we can please have the parties appearances.
8              MR. ENOS:  Brian Enos, United States.
9              THE COURT:  Good afternoon.
10             MR. JONES:  Peter Jones for Nathan Larson.  And he is
11   appearing at the county jail via video conference.  But he has
12   submitted an objection to that.
13             THE COURT:  Okay.  Thank you very much.  Good
14   afternoon to you, Mr. Enos.  Good afternoon to you, Mr. Jones.
15   And good afternoon to you, Mr. Larson.  I believe what you
16   indicated may answer my question, but I'm going to ask it
17   anyway.  Do the parties consent to appearing via the Zoom
18   application pursuant to the CARES Act and the general orders
19   of the Court?
20             MR. ENOS:  The government indeed agrees to that.
21             MR. JONES:  For my purposes, I would agree to it.
22   However, Mr. Larson indicated he sent a letter to the Court
23   with reasons why he did not want to agree to it.  Has the
24   Court received his letter?
25             THE COURT:  If I may have a moment, please.  Wendy,
```

1   do we have a letter from Mr. Larson?  I see the joint status
2   report.
3            THE CLERK:  I have not received a letter, Your Honor.
4            THE COURT:  Okay.  Thank you very much for confirming
5   that.  We have not received a letter.  Mr. Larson, it's my
6   understanding that you object to appearing via the Zoom
7   application pursuant to the general orders of the Court and
8   the CARES Act?
9            THE DEFENDANT:  Yes.  On the 9th, I sent two motions
10  to the Court.  I send a motion to the --
11           THE COURT:  I'm sorry.  I don't know if the court
12  reporter can understand you.  But I can't.  Thank you very
13  much.
14           THE DEFENDANT:  I said on the 9th I mailed to the
15  Court two motions.  One was a motion for proceeding pro per
16  and the other was a motion objecting to holding the hearings
17  by teleconference and the use of the face mask.  That was
18  about a five page motion or so.
19           THE COURT:  Karen, can you understand everything?
20           THE REPORTER:  Mostly. If it's possible to get closer
21  to the monitor, that might help.
22           THE COURT:  As I understand it, you indicated you
23  submitted to motions to the Court.  One objecting to appearing
24  via the Zoom application.  And what was the second one?
25           THE DEFENDANT:  A motion to proceed pro per.

1  THE COURT: Okay. I don't have either of those
2  motions before me today. And in any event, a motion to
3  proceed -- to represent yourself would need to be
4  heard -- placed on the duty calendar. So let me make the
5  suggestion. I don't know your reasons for not wanting to
6  appear via video conference, but pursuant to the general
7  orders of the Court and the CARES Act, I'm going to exercise
8  my discretion, given the fact that the courthouse is closed,
9  and overrule that objection at least for today's purposes.
10  Let me make the suggestion. Let me ask you this, Mr.
11  Larson. Would you have an objection to our continuing this
12  over to my next calen -- well, actually, Wendy, shall we be
13  setting it on the duty calendar right away? So that his
14  motion to represent himself will be heard?
15  THE CLERK: Yes, it would have to be heard before the
16  duty magistrate.
17  THE COURT: Okay. So let me do this. If you -- if
18  that works for you, Mr. Larson, what I'm going to do is -- it
19  would be -- if we receive your motion, we will forward it on
20  to the duty magistrate judge. We have not received it yet.
21  And I don't know. When did you send it?
22  THE DEFENDANT: Approximately on the 9th.
23  THE COURT: 9th of April. Wendy, should we have
24  gotten it by now? Probably?
25  THE CLERK: We should have gotten it by now, but I

1 | don't know where it went and if it's sitting somewhere waiting
2 | for an answer to some question on if it should be filed.
3 |   THE COURT:  Mr. Jones, can you help us with that?
4 | What I'm trying to do is make sure that if I place this on the
5 | duty calendar next week, that the motions that Mr. Larson has
6 | filed are available to the duty magistrate judge so he or she
7 | can rule on them.
8 |   MR. JONES:  Well, one motion was to appear in person
9 | without a mask in court and object to video conference.  And
10 | the other was to represent himself.  He said -- I asked where
11 | he sent them because I thought I would have seen it on Pacer
12 | by now and the Court would have received it.  Mr. Larson could
13 | elaborate on this perhaps, but he told me he sent it just to
14 | the clerk's office.  Is that correct, Mr. Larson?
15 |   THE DEFENDANT:  I put "Clerk, criminal division."
16 |   THE COURT:  Okay.  We can -- I understand, but I do
17 | need the bases for the motion for -- to represent himself.  I
18 | also need the bases -- or the duty magistrate judge will need
19 | the bases for the motion to appear in person, notwithstanding
20 | the fact that the courthouse is closed.
21 |   So I guess what I'm asking you, Mr. Jones, is if you
22 | can assist with getting copies of those motions and somehow
23 | providing them to the Court to make sure they're available to
24 | the duty magistrate judge next week?  Otherwise -- because for
25 | now you are still counsel.  Otherwise, if I set it on the duty

1  magistrate judge's calendar and he or she does not have those
2  motions, it will just delay the hearing on the matter.
3          MR. JONES:  Well, I can certainly file something
4  with -- after discussing with Mr. Larson the grounds for both
5  of those motions.  And I think it would be helpful if those
6  letters were located.  But I don't even know if they made it
7  into the federal courthouse.  If they're sitting on -- you
8  know, in some -- on a desk somewhere.  I don't know.  But we
9  can certainly file something.
10          THE COURT:  I appreciate it.  Mr. Enos, how -- well,
11 let me ask you this, Mr. Larson.  Would you object to my
12 continuing this matter until next week so that Mr. Jones on
13 your behalf can file something and also hopefully your motions
14 by that time will get to the Court?  But I would think -- and
15 Mr. Enos, correct me if I'm wrong, that the government is
16 going to want the time be excluded through and including next
17 week in order for that to occur.  Are you willing to exclude
18 time --
19         MR. ENOS:  Yes, Your Honor.
20         THE COURT:  -- for a brief period so that we can
21 accomplish locating -- hopefully your motions will arrive and
22 Mr. Jones can file something with the Court indicating what
23 the bases are after discussing it with you in the event that
24 your letters don't arrive?  Do you have any objection to that?
25         THE DEFENDANT:  It's only a week, it should be okay.

1  So I'm fine.
2          THE COURT:  Okay.  I appreciate that because that
3  will allow the magistrate judge to make a more informed
4  decision and receive, hopefully, the letters.
5          So why don't we do this.  We'll set this over
6  until -- and I'll set it for no more than a week.  And I can
7  set it for the 28th, which will be exactly a week from today.
8  And that will be at two p.m. on the duty magistrate judge's
9  calendar.  And the motion will be a motion for a Marsden
10 hearing.  Is that correct?
11         MR. JONES:  No.
12         THE COURT:  No, no, it's not substitute counsel.  He
13 wants to represent himself.
14         MR. JONES:  *Faretta*.  A *Faretta* hearing.
15         THE COURT:  Not asking for substitute counsel.  You
16 want to represent yourself.  Is that correct, Mr. Larson?
17         THE DEFENDANT:  That's correct.  And also, one other
18 issue.  At the previous hearing I said at the very outset that
19 I wanted to represent myself.  And then I objected to the
20 exclusion of time.  What's the status of that?  I mean,
21 because that I was not allowed to represent myself at that
22 hearing.
23         THE COURT:  I -- this is --
24         MR. ENOS:  I believe time was excluded, Your Honor.
25 It was before Judge Boone and he made that finding at the end

1  of the appearance.  And I believe that's also within the
2  minute order in the docket regarding this case.
3          THE COURT:  Okay.  So Mr. Larson, what's before me
4  today is the exclusion of time from the 21st, which is today,
5  until the 28 -- through the 28th.  And that's acceptable to
6  you.  That's just that one week period.  Correct?
7          THE DEFENDANT:  Yes.
8          THE COURT:  Thank you.  And I will exclude
9  time -- and in any event, time would be excluded to make sure
10 the motions are heard given the fact that Mr. Nathan Larson is
11 indicating he's filed motions.  But I will exclude time
12 through and including the 28th so that Mr. Larson's motions to
13 represent himself and also to appear personally in court
14 without a mask can be heard.
15         And I appreciate your time, Mr. Jones, in
16 facilitating hopefully the recovery of the letters.  But in
17 any event, filing something on the record indicating what the
18 nature of those motions are in the event that the letters are
19 not received before the 28th so that the duty magistrate judge
20 can make an informed decision.
21         Is there anything further I need to address before we
22 conclude for today?
23         MR. ENOS:  Yes, Your Honor.  I'd like to just put on
24 the record I know we're going to be appearing next week before
25 the duty judge.  But I want the Court to know and the

1  appellate record to know what we're doing in the interim.  I
2  am -- initial discovery has been provided.  I have received a
3  thumb drive.  I'm going to work through that, identify any
4  supplemental discovery in that.
5              I also provided four shorter documents to Mr. Jones
6  yesterday via email attachments.  I'll make sure those are
7  likewise Bates stamped and produced to Mr. Jones.  My goal is
8  within the next two weeks -- although in light of the COVID
9  pandemic, there's more coordination required, after I'm able
10 to identify the documents I'm going to need to work with a
11 paralegal that may or may not be in the office, et cetera.
12 But nevertheless, we will be doing that and working toward
13 getting supplemental discovery to Mr. Jones within two weeks.
14             And I presume -- is this Court okay at the conclusion
15 of next week's hearing if we just set a continued status
16 conference at that hearing or would the Court like us to set
17 something now knowing that other aspects of this case are
18 still moving forward?
19             THE COURT:  Thank you for that update.  Let's wait
20 until the conclusion of the hearing, so that we know whether
21 or not Mr. Larson is representing himself or not, before
22 setting a further status conference in this Court.  Because
23 we'll also have to address the issue of whether or not time
24 will be excluded between the 28th and the next status
25 conference.

1           MR. ENOS:  Okay.

2           THE COURT:  So something the duty magistrate judge
3    should be able to do at the hearing next week.

4           MR. ENOS:  That sounds good.

5           THE COURT:  If for some reason time is not excluded,
6    you can certainly set it on the May 5th calendar, which will
7    be the next court date for the status conference calendar.

8           MR. ENOS:  Thank you, Your Honor.  And one last thing
9    from the government's behalf.  Or on the government's behalf.
10   The government's looking into whether it should be presenting
11   a motion to have Mr. Larson's competency examined before Judge
12   Drozd, I presume.  Is that right?  It would be before Judge
13   Drozd?

14          THE COURT:  Correct.  Yes.

15          MR. ENOS:  Okay.  And I don't yet have a ballpark
16   filing date on the government's behalf because I'm working
17   toward obtaining any and all psych evaluations that may have
18   been done in the state of Colorado.  So I just ask defense,
19   you know, reciprocal discovery, if they have any of that, to
20   provide it to us because it would expedite this issue.  But
21   I'm also going to have agents from our his Fresno office look
22   into obtaining any such records as well.

23          THE COURT:  Okay.  Thank you.  If you do have any
24   such records, Mr. Jones, to the extent you can provide them,
25   if they can be provided to Mr. Enos, that would be

1  appreciated.
2          MR. JONES:  I have obtained some records and I would
3  have to determine if they are -- if there's any privilege --
4          THE COURT:  Correct.
5          MR. JONES:  -- related to those records.
6          THE COURT:  Understood.  Understood.
7          Okay.  I will --
8          THE DEFENDANT:  Your Honor.
9          THE COURT:  The next hearing will be on the 28th.
10 And as I indicated earlier, if you would like to do so, you
11 can certainly put it on my calendar for a continued status
12 conference the following Wednesday.
13         Is there anything further before we conclude for
14 today?
15         THE DEFENDANT:  Your Honor, I wanted to mention that
16 US probation also has two psych evaluations which they
17 conducted because I was on supervised release twice and they
18 did evaluations.  Those might be relevant.
19         THE COURT:  Okay.
20         MR. ENOS:  Thank you.
21         THE COURT:  To the extent that they're available or
22 they can provide them, Mr. Enos will obtain those.  Thank you
23 very much for that information, Mr. Larson.  And thank you for
24 appearing in court today via the Zoom application.  Thank you
25 to you, Mr. Enos.  And thank you, Mr. Jones.  Did you have a

1   question, Mr. Enos?
2            MR. ENOS:  No.  Thank you, Your Honor.
3            THE COURT:  Okay.  Thank you very much to all of you.
4   Court stands in recess.
5        (The proceedings were concluded at 1:21 p.m.)
6
7            I, KAREN HOOVEN, Official Reporter, do hereby certify
8   that the foregoing transcript as true and correct.
9
10  DATED:  10th of June, 2021        /s/  Karen Hooven
                                      KAREN HOOVEN, RMR-CRR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25