UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. BARBARA A. McAULIFFE, MAGISTRATE JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-CR-22-NONE |
| | ) | |
| vs. | ) | MOTION HEARING |
| | ) | |
| NATHAN DANIEL LARSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Fresno, California                    Friday, April 30, 2021


REPORTER'S TRANSCRIPT OF PROCEEDINGS




**APPEARANCES OF COUNSEL**:


For the Plaintiff:      United States Attorney's Office
                        BY: **BRIAN ENOS**
                        2500 Tulare Street
                        Suite 4401
                        Fresno, California 93721


For the Defendant:      Wanger Jones Helsley
                        BY: **PETER JONES**
                        265 East River Park Circle
                        Suite 310
                        Fresno, California 93720


REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer aided transcription.

2

1  Friday, April 30, 2021                          Fresno, California

2  2:32 p.m.

3           THE COURT:  Okay.  Mr. Larson has joined us.  The

4  United States versus Nathan Daniel Larson.  Case number 21-22.

5  May I have your appearances for the record starting with the

6  government.

7           MR. ENOS:  Brian Enos, United States.

8           MR. JONES:  Peter Jones for Mr. Larson, who is

9  present.  We are appearing by way of video conference and Mr.

10 Larson has, prior to this, entered an opposition to appearing

11 via video conference.  I believe he did submit, however, in

12 his motion filed this morning that he would agree to appear by

13 way of video conference today.  Is that correct, Mr. Larson?

14          THE DEFENDANT:  Yes.

15          THE COURT:  I did not see a motion filed today.  So

16 someone can indicate that to me, what that is.

17          MR. JONES:  Yes, Your Honor.  Did you receive it, Mr.

18 Enos?

19          MR. ENOS:  Yes.  I finished reading it at about 1:30

20 today.  I received it after a 12 o'clock meeting I had.  I

21 believe it was filed between 11:30 and 12 or around 11:30.

22          MR. JONES:  Correct.  Mr. Larson contacted me

23 yesterday.  We obtained it as soon as we could.  There's no

24 way he could have mailed it.  And in order to try to

25 accommodate everybody, we picked it up at the jail and I filed

3

1    it this morning.  It is his handwritten motion to proceed pro

2    se at this hearing regarding the issue of his competency.

3            THE COURT:  I'm not determining competency here

4    today.  All I'm going to be determining is whether -- what

5    comes first.  *Faretta* or competency.  So --

6            MR. JONES:  That's the issue he addressed.  He

7    believes *Faretta* would come first.

8            THE COURT:  All right.  And I have not read it.  I

9    would -- if you need me to read it, we could take a short

10   break or I could continue this until Monday.  So it's -- I

11   don't know, I'm looking at it now.  It's up to the parties.

12           THE DEFENDANT:  Which way is the court leaning on

13   this?

14           THE COURT:  Which way am I leaning?  I am leaning

15   towards that it is -- well, my tentative ruling is that the

16   competency hearing must come first because the law requires

17   that in order to be able to waive your right to be represented

18   by counsel, you must do that competently and it must also be

19   knowing and intelligently.

20           But competency comes first.  Competency does not

21   necessarily mean that you are -- there's a -- I don't know

22   what the medical term is, but in saying it could be a mental

23   defect, according to the law.  And I'm not attributing any of

24   this to you; right?  You understand that?  All I'm saying is

25   what comes first is the competency determination based upon

4

1    the law as I have seen it.

2           THE DEFENDANT:  How about if the Court read the

3    motion before issuing the ruling?

4           THE COURT:  All right.  We could take a short recess

5    and allow me to do that and then come back.  Mr. Enos, what's

6    your position?

7           MR. ENOS:  Whatever the Court prefers is fine.  I

8    will say that it was ten handwritten pages and some of the

9    font comes out light.  And so it took me a solid 30 to 45

10   minutes to work my way through it.  I just wanted to brace the

11   Court for that.  It's not going to be a, hey, here's a

12   one-pager that I can quickly digest.  I don't mind coming back

13   on Monday.  I also don't mind waiting for the Court today.

14          THE COURT:  Mr. Jones?

15          MR. JONES:  I agree.  Either way is fine.  I'm

16   available Monday afternoon and I'm happy to wait now, take a

17   break and --

18          THE COURT:  Why don't we do this.  Why don't we take

19   a break now.  It's 2:38.  Come back on the record back at

20   3:15.  And then if I haven't had enough time and I feel I need

21   more time to really digest the arguments that he's making,

22   then we'll continue it over until Monday.  But at this point

23   I'd like to be able to read it and see if we can resolve the

24   issues today.  But I'm not going to rush it.

25          All right.  Any problem with that, Mr. Enos?  You're

5

1   available?

2        MR. ENOS:  I'm available.  All I'm going to do is

3   turn off my video and audio and I'll turn them back on at

4   3:15.

5        THE COURT:  Okay.  All right.  So we'll be back in

6   session at 3:15.  All right.

7        MR. ENOS:  Thank you.

8     (Recess.)

9        THE COURT:  Let's go back on the record in United

10  States versus Nathan Larson.  Case number 21-22.  Plaintiff's

11  counsel is present.  Defense counsel is present.  Mr. Larson

12  is also present via video.

13       So I did read the handwritten pages attached to

14  docket number 20.  And it starts at page 4 of the electronic

15  docket.  And I understand Mr. Larson, as he said, he wants to

16  represent himself in the competency hearing.  He wants to make

17  motions a lawyer can't make.  Reiterates that he has a

18  fundamental right to represent himself.  And he has some

19  issues about putting medical information on the record, maybe

20  not quite so much that, but the competency evaluation in 2009.

21  That can all be raised at the competency hearing.

22       I understand -- you know, I understand the basic

23  principle that Mr. Larson wishes me to conduct a limited

24  *Faretta* colloquy today.  But as I read this letter, I have

25  some concerns.  I mean, I am not a mental health or medical

6

1   doctor, mental health or physical doctor of any sort.  And,

2   you know, there's -- Mr. Larson has expressed distrust of the

3   mental health system, claims he is a dissident and it was

4   engaging, I think, in civil disobedience is at issue in this

5   case.

6          I can't pinpoint anything here.  And really it's not

7   for me to decide that.  He's asked for a limited *Faretta*

8   colloquy, as I said.  And is concerned at the competency

9   hearing that he will have to sit as a potted plant and not be

10  able to have input.  But frankly, Mr. Larson -- I've had two

11  hearings with Mr. Larson and he's not been a potted plant.

12  He's been very respectful.  I don't want that to be on the

13  record that he hasn't been.  He's been very respectful.  But

14  he's made his position well known.  The Court has heard him.

15  I've read his documents.

16         And I can't imagine that the district judge who will

17  hear this competency motion would do otherwise.  If Mr. Larson

18  filed something, depending on what he files, or the volume of

19  what he files, what he wants to say at the competency hearing,

20  I'm sure he will be asked and will be heard in that respect.

21         But at this point, I cannot say that he is completely

22  competent to represent himself, even in a limited capacity.

23  Nor is that the law.  The United States Supreme Court says

24  that he must be competent to represent himself.  And

25  competency has a full range -- again, I am not a mental health

1   expert here.  Has a full range of what various aspects of

2   mental health.  And so I cannot do a limited *Faretta* inquiry.

3            I think your concern, Mr. Larson -- and I'll speak

4   directly to you at this point.  Your concern is not being

5   heard and your issues not being addressed.  I think you're

6   going to be heard.  You're concerned about that.  And I can

7   understand why you would be concerned about that.  But as I

8   have, in the past two hearings, I've read what you've

9   submitted, I've listened to you.  The District Judge is going

10  to do the same.  Because, after all, it's your competency.

11  So -- and it's an issue dealing with you specifically.  So

12  you're going to be heard.

13           So the Court is going to deny the request for the

14  limited *Faretta* colloquy to determine whether Mr. Larson can

15  represent himself at the competency hearing.  Deny that

16  request.  And I'm going to set a briefing schedule and we'll

17  move from there.

18           So, Mr. Enos, you said three weeks.  I'm hoping it's

19  less than three weeks now that we've gone a few days.  What

20  are you anticipating for filing?

21           MR. ENOS:  Same as what was discussed on April 28th.

22  I anticipate being able to file by May 19th.  And more

23  specifically, it's going to be a motion for a competency exam.

24  With the exam, I think the Court would be able to ultimately

25  determine -- or use that examination to ultimately make a

8

1    competency determination.  And the range of statutes is 18 USC

2    4241 through 47, that's where -- the basis of the government's

3    motion will be within those, that statutory range.

4               THE COURT:  Right.  All right.  Mr. Jones?

5               MR. JONES:  Is that the date for the hearing --

6               THE COURT:  No.

7               MR. JONES:  -- or the date to file a motion to have

8    Mr. Larson evaluated and the hearing will come -- and I'll

9    have an opportunity to respond and then it will be set for

10   hearing today or after the motion is filed?

11              THE COURT:  All right.  So the way this will work,

12   Mr. Enos is not actually moving to determine whether he's

13   competent or not, it's just determining whether there should

14   be a competency exam.  So there is certain threshold evidence

15   to be presented.  He is filing his motion on May 19th.  You

16   will have an opposition -- a time to oppose the motion.  The

17   government will file a reply.  I will set a date for a

18   hearing.  And this will be before Judge Drozd for an in court

19   hearing.  I'm going to set a date, but what may happen is that

20   date may either be advanced or it may be continued depending

21   on Judge Drozd' schedule.  And, you know, obviously if it's an

22   in court proceeding, it's going to have to accommodate, you

23   know, everybody and that has to get scheduled out and arranged

24   and all of that for safety issues.

25              THE DEFENDANT:  Your Honor, what do you think about

9

1  the point I raised in my motion if my self-representation is

2  delayed, my attorney and the other parties in the case may be

3  doing things and making decisions that I might not be able to

4  take back once I'm representing myself because it will already

5  be fait accompli?

6          THE COURT:  I understand that you're concerned about

7  that.  But Mr. Jones is not going to be, for instance, making

8  a decision on whether you should be entering a plea or whether

9  you should -- I mean, he's going to be doing what he would

10  normally do, which is get all of the discovery.  There is no

11  hearings, no trial set, no pretrial set.  He's getting the

12  discovery.  To the extent he can review that with you in

13  your -- really, you know, we haven't even discussed how it

14  would be if you represented yourself.  How would you even

15  review that evidence?  And so -- and I don't want to tackle

16  that at this point, but I will at some point if you're able to

17  represent yourself.  But Mr. Jones, at this point, can get the

18  evidence and -- I don't think he's going to be making

19  decisions without you.

20          All right.  Mr. Jones, if Mr. Enos is filing his

21  motion on May 19th, what date do you want to file?  Three

22  weeks after?

23          MR. JONES:  Let's go two weeks.

24          THE COURT:  Two weeks.  By June 2.  June 2

25  opposition.

10

1          MR. JONES:  Yes.  That will work.

2          THE COURT:  All right.  And reply, Mr. Enos?

3          MR. ENOS:  I think one week should suffice for a

4   reply.

5          THE COURT:  June 9 for a reply.  And I'm going to set

6   a hearing, an in-court hearing for June 18.  June 18.  Friday,

7   June 18 at nine o'clock.

8          THE CLERK:  Your Honor.

9          THE COURT:  Yes.

10          THE CLERK:  I just sent Irma an instant message and I

11   asked her if she had a preference as to date and time.  And

12   she said she would prefer Thursday at 10:30.  Thursdays are

13   set for miscellaneous items.

14          THE COURT:  So June 17th?  Because I know he's in

15   trial the next week.  So June 17 at 10:30?

16          MR. JONES:  That's agreeable with the defense.

17          THE COURT:  Okay.

18          MR. ENOS:  That's fine with the government as well.

19          THE COURT:  All right.  So motion filed by May 19.

20   Opposition June 2.  Reply June 9 with a hearing date on June

21   17 at 10:30.  That's an in court proceeding.  Yes, Mr. Larson.

22          THE DEFENDANT:  Could I have a word with my attorney,

23   please?

24          THE COURT:  I'm sorry, could you what?

25          THE DEFENDANT:  Could I have a word with my attorney,

1   please?

2          THE COURT:  Yes.  So you want to go -- we'll put you

3   in a break out room.

4          THE DEFENDANT:  Okay.

5          THE COURT:  All right.  You just stay there and we'll

6   electronically move you.  Stay in that room and we're going to

7   electronically move you to a room where -- electronically move

8   you so just the two of you are on the screen together and we

9   can't hear what you're saying.

10         THE DEFENDANT:  It's giving me an option, join

11  the -- should I call the deputy to hit "join" or what?

12         THE COURT:  I think maybe you should call the deputy

13  and when he comes in, I'll tell him you need to hit that

14  button.

15         THE MARSHAL:  Your Honor, I'm contacting him right

16  now.

17         THE COURT:  Okay.  Thank you.

18         Officer, if you could hit "join."  I want him to be

19  able to talk privately with his attorney.

20         All right.  We'll be in recess until they come back.

21     (Recess.)

22         THE COURT:  We're back on the record.  Defense

23  counsel is present, Mr. Larson is present as well as Mr. Enos.

24         Okay.  So that's where we are.  We've set the dates.

25  Anything I need to address, Mr. Jones?

12

1        MR. JONES:  No.  We're -- we've discussed those

2   dates.  We're okay with those dates.

3        THE COURT:  Okay.

4        MR. JONES:  Well, under the circumstances, obviously,

5   Mr. Larson's opposed to proceeding on any kind of competency

6   issue.  But with the Court's ruling in mind, he's agreeable,

7   we're agreeable to those dates.

8        THE COURT:  Okay.  Yes, his objection is noted for

9   the record.  And Mr. Enos, do you have a motion for the Court?

10       MR. ENOS:  I'm sorry, do I have what for the Court?

11       THE COURT:  The motion.  To exclude time.

12       MR. ENOS:  Yes.  I'm sorry.  For the reasons stated

13  today, including marshalling additional evidence in support of

14  the government's pending motion, analyzing current evidence,

15  still working on supplemental discovery, et cetera, the

16  government does move for a time waiver through the date of the

17  Court's hearing on June 17, 2021.

18       THE COURT:  All right.  I assume there's an objection

19  to that?

20       MR. JONES:  Yes.

21       THE COURT:  All right.  So the Court will overrule

22  that objection and time is excluded pursuant to 18 USC Section

23  3161(h)(1)(A) for proceedings related to determine the mental

24  capacity of the defendant as well as other issues for the

25  reasons Mr. Enos stated on the record.

13

1          I think that's everything we need to address today.

2     Is there anything else, Mr. Enos?

3          MR. ENOS:  The only thing I'd do is add provision

4     (h)(1)(D), once the motion is filed through the date of the

5     hearing or other prompt disposition of the motion.  That's an

6     additional basis for a time waiver for that time period, which

7     would be May 19 through June 17.

8          THE COURT:  Yes.  Agreed.  Mr. Jones, anything

9     further?

10          MR. JONES:  No.

11          THE DEFENDANT:  May I go to -- after the hearing, can

12     I go into the break out again with my lawyer?

13          THE COURT:  Yes.  But only -- because the Court will

14     be in recess then.  We'll be done.  I won't be bringing you

15     back in to discuss this further.  But I'll give you about ten

16     minutes to discuss with your attorney whatever you might need

17     to discuss.  And the courtroom deputy will stay to close out

18     the hearing.  Close out the zoom hearing.  Okay?  So she'll

19     put you back in a break out room.

20          THE DEFENDANT:  Thank you.

21          THE COURT:  All right.  Thank you, sir.  Court's in

22     recess.

23          MR. ENOS:  Thank you.

24        (The proceedings were concluded at 3:35 p.m.)

25

14

1          I, KAREN HOOVEN, Official Reporter, do hereby certify

2    that the foregoing transcript as true and correct.

3

4    DATED:  10th of June, 2021          /s/   Karen Hooven
                                          KAREN HOOVEN, RMR-CRR
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25