PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN DANIEL LARSON,<br><br>Defendant. | Case No.  1:21-cr-00022 NONE/SKO<br><br>**ORDER REGARDING COMPETENCY AND INSANITY EVALUATIONS PURSUANT TO 18 U.S.C. §§ 4241 AND 4247 AND FED. R. CRIM. P. 12.2.** |

Plaintiff United States of America has moved that the court order that (1) a psychiatric and/or psychological examination be conducted pursuant to the provisions of 18 U.S.C. § 4241, and (2) a report be filed pursuant to the provisions of 18 U.S.C. §§ 4247, in order to assist the court in determining whether defendant Nathan Daniel Larson lacks the present ability to consult with counsel in a meaningful way and whether he is unable to properly assist in his defense.  Dkt. 24.  Within the defense's response brief, counsel for defendant (1) joined in the government's motion for a competency exam, (2) provided notice of intent to assert an insanity defense pursuant to Fed. R. Crim. P. 12.2, and further (3) requested that defendant's aforementioned examination, at the same time, also analyze defendant Larson's mental condition relevant to this defense at the time of the crimes alleged in this action's indictment (hereinafter the "omnibus examination").  Dkt. 31.

On June 11, 2021, the court held a hearing on the above motions and heard the views of counsel for defendant Larson, counsel for the government and from defendant Larson himself. Where the Court

is presented with representations which form reasonable cause to believe the defendant lacks the mental

fitness to proceed, whether by motion, by facts coming before it, or through its own observations, the

Court is mandated to order a psychiatric or psychological exam. *See generally Chavez v. United States*,

656 F.2d 512, 516-18 (9th Cir.1981).  Based upon the government's and defense's motions as

expounded upon at the hearing, the views of counsel for the government, and defendant's conduct at the

hearing, the court concludes that it has reasonable cause to believe that defendant Larson lacks the

mental fitness to proceed and assist properly in his defense.  Specifically, there is a reasonable basis to

believe that the defendant is presently suffering from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense.  Accordingly, the court will grant the

United States' motion for a determination of his competency and the defense's motion for a

determination of his mental condition at the time of the crimes alleged in the indictment.  Dkts. 24, 31.

Accordingly, pursuant to 18 U.S.C. §4241(b):

1. An omnibus examination of defendant Larson's competency, as well as his mental condition at
   the times alleged in the indictment, shall be conducted and a psychiatric and/or psychological
   report of this examination shall be filed with the court pursuant to the provisions of 18 U.S.C.
   §4247(b) and (c);

2. Defendant Larson is committed to the custody of the U.S. Bureau of Prisons for the period of
   examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to
   transfer him to a suitable facility for examination, with the court recommending a suitable
   facility within reasonable proximity to this District;

3. Defendant Larson shall submit to a psychiatric and/or psychological examination by an examiner
   chosen by the Bureau of Prisons who is designated as an examiner under the provisions of 18
   U.S.C. § 4247(b);

4. The psychiatric and/or psychological report ordered shall be prepared by the Bureau of Prisons
   and shall be filed with the Court with copies provided to counsel for defendant Larson and to the
   attorney for the Government, and shall include: (a) the person's history and present symptoms;

[PROPOSED] ORDER REGARDING COMPETENCY
AND INSANITY EVALUATIONS PURSUANT TO 18
U.S.C. §§ 4241 AND 4247 AND FED. R. CRIM. P. 12.2.

2

(b) a description of the psychiatric, psychological and medical tests employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, (e) whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and (f) an analysis of defendant's mental condition relevant to any potential insanity defense regarding any or all crimes set forth in the indictment.

5. Defendant Larson, through his lawyer Peter M. Jones, shall forward copies of any and all available hospital, medical, psychological and psychiatric reports to the examiner. The government, through the U.S. Attorney and the U.S. Pretrial and Probation Offices, are authorized to submit to the Bureau of Prisons copies of available pretrial services and presentence reports, along with applicable case-related discovery materials and reports of any previous psychiatric and psychological reports;

6. A copy of this order shall be provided to the U.S. Marshal's Office which shall make arrangements as necessary for the examination of the defendant;

7. A copy of this Order shall be provided to the U.S. Bureau of Prisons;

8. Upon the completion of the examination, the U.S. Bureau of Prisons shall notify the Court, in writing, of the completion of the examination;

9. In accordance with Federal Rule of Criminal Procedure 12.2(c)(4), "[n]o statement made by the defendant in the course of any examination conducted under this rule (whether conducted with or without the defendant's consent), no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant: (A) has introduced evidence of incompetency or evidence requiring notice under Rule 12.2(a) or (b)(1), or (B) has introduced expert evidence in a capital sentencing proceeding requiring notice under Rule 12.2(b)(2);" and

///

10. Time is excluded, as indicated on the record, pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and

3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:   **June 14, 2021**

_____
UNITED STATES DISTRICT JUDGE