PHILLIP A. TALBERT
Acting United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATHAN DANIEL LARSON,<br><br>　　　　　　　　Defendant. | Case No: 1:21-cr-00022 NONE/SKO<br><br>**STIPULATION TO CONTINUE SEPTEMBER 17, 2021 STATUS CONFERENCE TO OCTOBER 15, 2021; [PROPOSED] ORDER** |

　　　　This case is set for a status conference on September 17, 2021. Dkt. 50. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

///

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Nathan Daniel Larson ("defendant"), that this action's **Friday, September 17, 2021 status conference be continued to Friday, October 15, 2021, at 9:30 a.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. On May 19, 2021, the government filed a motion for (1) a mental examination to determine defendant's competency, as well as a (2) subsequent competency hearing. Dkt. 24. On June 2, 2021, defense counsel filed a response brief, wherein it joined in the government's motion and further asked the court to order defendant's sanity likewise to be examined, pursuant to

3

18 U.S.C. § 4242(a), at the same time as the competency examination. Dkt. 31, 1:26-28 and 7:8-12.

2. On June 11, 2021, the court held a hearing on the above motions, and granted them after hearing and considering the views of both counsel and defendant. Dkts. 42 and 44. As a result, the court ordered defendant "committed to the custody of the U.S. Bureau of Prisons for the period of examination for placement in a suitable facility, and the U.S. Marshal's Service is directed to transfer him to a suitable facility for examination, with the court recommending a suitable facility within a reasonable proximity to this District." Dkt. 44, 2:18-22. The court also set a status conference for July 23, 2021 to discuss the status of defendant's above examinations. Dkt. 42.

3. By June 23, 2021, counsel had heard from the Bureau of Prisons' Lisa Matthews, Chief Psychologist at the Bureau of Prison's Metropolitan Detention Center (MDC) in Los Angeles, wherein she (1) advised that defendant had been designated to MDC-LA and (2) asked for various types of records from the parties to assist with the examinations.

4. On August 30, this court's chambers and counsel for both parties received a note that Dr. Samantha Shelton of MDC-LA had directed to the U.S. Marshals, advising that she was Mr. Larson's "evaluator assigned to this case" and that his "study period will expire on September 11, 2021." She also advised that she would "put in the request to return him to [this] district after that date."

5. On September 9, 2021, this court's chambers notified the parties that it had received a letter from Warden W.Z. Jenkins of MPD-LA, asking the court for permission for defendant's evaluator to submit her report regarding defendant "by October 1, 2021." Warden Jenkins based this request on, among other things: (1) defendant's "study period" not starting until July 13, 2021 (and despite his June 29, 2021 arrival) because the "COVID-19 pandemic [required] all new arrivals" to undergo a quarantine period; and (2) the pandemic further requiring "restricted movement within the facility [which was] expected to continue indefinitely," and thereby impacting his facility's "ability to conduct and complete

4

evaluations under the normal time frames." The parties understand the court granted MDC-LA's request.

6. After hearing from the court in this regard, the parties discussed this issue with chambers and pursuant to the same identified October 15, 2021 as a continued status conference date wherein both the parties and the court are available to address the status of the case and Mr. Larson's return to the Eastern District of California.

7. The parties therefore stipulate that the period of time from September 17, 2021, through October 15, 2021, is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(1)(A) because the examinations to determine the mental capacity of the defendant as described above remain ongoing; as well as (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated: September 10, 2021  
    PHILLIP A. TALBERT  
    Acting United States Attorney

By: /s/ Brian W. Enos  
    Brian W. Enos  
    Assistant United States Attorney

(*As authorized 9/10/21*)

Dated: September 10, 2021  
By: /s/ Peter M. Jones  
    Peter M. Jones, Esq.  
    Attorney for Defendant  
    Nathan Daniel Larson

### [PROPOSED] O R D E R

IT IS ORDERED that the status hearing currently set for September 17, 2021, at 8:30 am is continued until October 15, 2021, at 9:30 am.

IT IS FURTHER ORDERED THAT the period of time from September 17, 2021, through October 15, 2021, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) because the examinations to determine the mental capacity of the defendant as described above remain ongoing; as well as 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Dated: _____

Honorable Dale A. Drozd
United States District Judge