PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>NATHAN DANIEL LARSON,<br><br>                                    Defendant. | Case No.  1:21-cr-00022 NONE/SKO<br><br>**UNITED STATES' SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S COMPETENCY UNDER 18 U.S.C. § 4241 AND IN ADVANCE OF HEARING TO DETERMINE SAME**<br><br>Date: January 7, 2022<br>Time: 8:30 a.m.<br>Court: Hon. Dale A. Drozd |

## I.      NOTICE OF MOTION AND MOTION

To defendant Nathan Daniel Larson and his counsel of record, please take notice that on the above date and time and before the Honorable Dale A. Drozd, United States District Judge, plaintiff United States of America will move this Court to find that, after the completion of Larson's recent psychological evaluation and pursuant to 18 U.S.C. § 4241 and Fed. R. Crim. P. 12.2(a), (1) there is no reasonable cause to believe Larson is currently incompetent to stand trial and (2) Larson appreciated the criminality of his conduct at the times of the offenses alleged against him.

Specifically, and based on a review of the Bureau of Prisons' "Forensic Evaluation" dated October 22, 2021 and "Forensic Addendum" of the same date[1] (each of which addressing interviews

---

[1] Pursuant to the court's sealing order of December 29, 2021 (Dkt. 61), the government will ask the clerk of the court to file these two reports under seal upon the filing of this brief.  They are respectively marked as Exhibits "A" and "B" herein.

with Larson, tests given to Larson, and referencing voluminous materials received about Larson including those relating to his prior medical history) Larson appears to be able to currently understand the nature and consequences of the proceedings against him and to properly assist in his defense. Larson's Forensic Psychologist also found him to have appreciated the nature, quality and wrongfulness of his conduct during those times alleged in the indictment.  In light of these reports, whose findings are undisputed by the defense, the government maintains that the court possesses the necessary information to rule on defendant's competency and mental state without the need to call witnesses at the January 7, 2022 hearing.

## II.   RELEVANT FACTS

On May 19, 2021, the government filed a motion for a (1) mental examination to determine Larson's competency, as well as (2) competency hearing to take place after the examination's completion.  Dkt. 24.  On June 2, 2021, the defense filed a "joinder" to the government's motion, and further asked that Larson's mental condition also be assessed regarding the times alleged in the indictment.  Dkt. 31.  After conducting a June 11 hearing addressing the issues raised in the aforementioned filings, the court granted the government's motion and issued an order on June 15, 2021 granting "the United States' motion for a determination of his competency and the defense's motion for a determination of his mental condition at the time of the crimes alleged in the indictment."  Dkt. 44, at 2:10-12.

After the court's issuance of the above order, the government retained Dr. Samantha Shelton, a forensic psychologist at the Bureau of Prisons' Metropolitan Detention Center in Los Angeles, California, to evaluate Larson's competency and mental condition during the times of his alleged crimes. After reviewing an extensive volume of medical and other records regarding Larson,[2] as well as interviewing Larson and conducting tests and procedures with him over a span of several weeks, Dr. Shelton found Larson competent to both (1) understand the nature and consequences of the court proceedings against him and (2) assist with his defense and stand trial (Exh. A, pp. 22-23).  With respect to Larson's mental state at the times alleged in the indictment, Dr. Shelton found Larson "demonstrated

---

[2] These records are identified both in Larson's Forensic Evaluation addressing competency (Exh. A, pp. 6-7) and Forensic Addendum addressing mental state at times alleged in indictment. Exh. B, pp. 1-2.

1 an ability to appreciate the criminality of his conduct and could have conformed his conduct to the

2 requirements of the law." Exh. B, p. 9.

3 ### III.   ARGUMENT

4 **A.   The Record Currently Shows that (1) there is No Substantial Evidence or
5 Reasonable Cause to Believe Larson is Incompetent to Proceed with his Defense,
   and (2) Larson Appreciated the Criminality of his Conduct During those Times
6 Alleged in the Indictment.**

7     A district court judge must hold a competency hearing if a reasonable judge would be expected

8 to experience a genuine doubt respecting the defendant's competence. *United States v. Dreyer*, 705 F.3d

9 951, 960 (9th Cir. 2013).  Competence is defined as the ability to understand the proceedings and to

10 assist counsel in preparing a defense. *Miles v Stainer,* 108 F.3d 1109, 1112 (9th Cir. 1997).  Evidence of

11 a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to

12 stand trial are all relevant in determining whether further inquiry is required, but that even one of these

13 factors standing alone may, in some circumstances, be sufficient. *Drope v. Missouri*, 420 U.S. 162, 180

14 (1975).  More recently, the Ninth Circuit has written that "relevant evidence [as to a defendant's

15 competency] falls into three broad categories: medical history, the defendant's behavior in and out of

16 court, and defense counsel's statements about the defendant's competency." *United States v. Garza*, 751

17 F.3d 1130, 1134 (9th Cir. 2014).

18     Here, an assessment of the three categories of competency evidence suggested in *Garza* reveals

19 that Larson appears currently competent to stand trial and further appreciated the criminality of his

20 alleged conduct. Mental health expert Dr. Samantha Shelton very recently evaluated Larson over a span

21 of several weeks and arrived at these two conclusions, which themselves are based on information

22 relating to the first two categories of information identified in *Garza*.  The defense does not dispute

23 either of them.  As for the third category, defense counsel has not stated on the record that he is unable

24 to communicate with Larson, nor enlist his participation in his defense.  Because the three *Garza*

25 competency analysis factors are satisfied, Larson should be deemed competent to proceed with his

26 defense.

27 ///

28

# IV.   CONCLUSION

For the aforementioned reasons, Larson should be deemed competent to proceed with the present prosecution.

Dated:  December 30, 2021                    PHILLIP A. TALBERT
                                             United States Attorney


                                    By:  /s/ Brian W. Enos
                                         Brian W. Enos
                                         Assistant United States Attorney