**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Peter M. Jones #105811

Attorneys for: Defendant, Nathan Daniel Larson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>NATHAN DANIEL LARSON<br><br>Defendant(s). | Case No. 1:21-cr-00022 NONE/SKO<br><br>**DEFENDANT'S RESPONSE TO UNITED STATES BRIEF REGARDING DEFENDANT'S COMPETENCY; AND BRIEF IN SUPPORT OF APPEARING IN PERSON FOR ALL HIS COURT HEARINGS** |

**TO THE HONORABLE DALE A. DROZD**, United States District Court Judge, and to Phillip A. Talbert, United States Attorney, and Assistant United States Attorney, Brian W. Enos; Defendant, Nathan Daniel Larson hereby submits his response to the Government's 'Supplemental Brief Regarding Defendant's Competency'; and his own brief in support of appearing in person, in court, for all of his scheduled court appearances.

**Response to the Government's Supplemental Brief On Competency**

While the Defendant would take exception to the professional opinion of the Bureau of Prisons forensic psychologist as to what psychological condition(s) he may or may not be suffering from, he does not contest the ultimate conclusion of Dr. Shelton that he is presently, legally competent (at this

time) to proceed in the litigation of the charges against him. The Defendant will, therefore, submit the issue of competency on Dr. Shelton's conclusion. He is not, however, submitting it on the entirety of her reasoning relied upon to reach that conclusion.

The Government in their supplemental brief, additionally, indicated they will move the court to also find that, "Larson appreciated the criminality of his conduct at the times of the offenses alleged against him" (Fed. R. Crim. P. 12.2(a)(1)). The Defendant would object to such a finding by the court. Mr. Larson has a constitutional right to develop and introduce any and all available mental defenses at his trial. This right exists regardless of his being found competent, and the finding now being requested by the Government would be patently inappropriate for the court to make. The two examinations that were conducted are mutually exclusive of one another. The opinion of the Bureau of Prison's forensic psychologist may ultimately be introduced should the Defendant proffer a mental defense that opinion might be relevant to, but it is only one opinion regarding such a defense.

**Defendant's Brief In Support of Appearing Personally In Court**

The COVID 19 Pandemic understandably created the need for desperate measures when managing day to day court business in order to reduce the spread of the highly contagious and potentially fatal virus. The Defendant in this case, however, is facing the balance of his life in federal prison if convicted on the charges in the indictment. The seriousness of the charges and potential consequences cannot be overstated. The relevant law that permits video conference hearings and telephonic public attendance may be sufficient to satisfy the constitutional mandate of the Sixth Amendment of the United States Constitution for certain matters of lesser importance, however, even matters involving competency and self-representation on this Defendant's case warrant the highest degree of constitutional protection.

Public Law 116-136 (The Cares Act) authorizes video conference appearances, but also requires a defendant's consent to do so, after consulting with his or her counsel, (§15002 (b)(4)). Mr. Larson has consistently insisted on appearing in person, in court, and to do so without facial coverings, which further depersonalize the accused. Issues of in-court safety precautions are typically reserved to the individual court to establish—within reason. The Defendant would submit that there are less intrusive, equally effective ways to insure public safety without covering his face with a mask if and when he is

allowed to physically appear in a courtroom. If, however, he is required to wear a mask, he will do so, but will respectfully impose an ongoing objection on the record to this condition precedent.

The Sixth Amendment's guarantee of a right to a "public trial" has been recognized to apply to other hearings, both before and after the trial itself; *Waller v. Georgia*, 467 U.S. 39, 46 (1984, suppression hearings); *United States v. Waters*, 627 F.3d 345, 359-362 (9th Cir. 2010, claims of government misconduct); *Presley v. Georgia*, 130 S. Ct. 721 (2010, voir dire); *United States v. Rivera*, 682 F.3d 1223, 1230 (9th Cir. 2012, sentencing). Defendant Larson submits that all hearings should be held publicly, in an open courtroom, in cases where public interest is high and lifetime incarceration is a potential result. In *Rivera* the Court emphasized the importance of allowing the physical presence of family members in the actual courtroom (1230); and in *Presley* the Court noted, "In cases where public interest is high, reasonableness may require the court to depart from its normal procedures to accommodate that interest." (362).

Additionally, Mr. Larson submits that it would be a violation of his Sixth Amendment rights to require him to choose between his right to a public trial, at which he is allowed to appear in court, in person, and his right to a speedy one. Such as Hobson's choice is untenable, Mr. Larson would submit, as it would render one of these time honored fundamental rights, as it applies to him, null and void.

Dated: January 4, 2022  **WANGER JONES HELSLEY PC**

By: /s/ Peter M. Jones
Peter M. Jones, Attorney for Defendant,
NATHAN DANIEL LARSON