PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:21-cr-00022 JLT/SKO |
| Plaintiff, | **STIPULATION TO CONTINUE FEBRUARY 4, 2022 FARETTA HEARING AND STATUS CONFERENCE TO FEBRUARY 25, 2022; ORDER** |
| v. | |
| NATHAN DANIEL LARSON, | |
| Defendant. | |

This case is set for a hearing addressing defendant Nathan Daniel Larson's representation under Faretta v. California, 422 U.S. 806 (1975) ("Faretta hearing") and status conference on February 4, 2022. Dkt. 66. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the

1

discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Nathan Daniel Larson, that this action's **Friday, February 4, 2022 Faretta hearing and status conference be continued to Friday, February 25, 2022, at 9:00 a.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

///

///

///

The parties base this stipulation on good cause. Specifically,

1. On January 7, 2022, the district court calendared for February 4, 2022 a (1) Faretta hearing to address issues Mr. Larson asked to raise regarding his representation in this case, as well as (2) status conference to take place immediately thereafter. Dkt. 66.

2. On February 2, 2022, defense counsel attempted to contact Mr. Larson at the Fresno County Jail, and learned at this time that he was in quarantine. As a result, defense counsel has been unable to speak with Mr. Larson in advance of this Friday's hearing despite attempting to do so. While the parties understand that Mr. Larson could still potentially call into court by phone while still under quarantine, defense counsel has been unable to confirm that defendant intends, is able, or indeed knows how to do so.

3. In addition, both defense counsel and counsel for the government believe that, in this case, nothing productive could be accomplished if the Faretta hearing were to commence with Mr. Larson appearing by way of telephone. Mr. Larson has uniformly objected thus far to telephonic appearances at prior hearings in this case. In addition, counsel for the parties believe that a Faretta hearing should take place where the court could communicate with Mr. Larson while also being able to visually communicate with him.

4. The parties contacted the court about a potential continuance date, and pursuant to the same understand that the court could hear this matter within its 9:00am calendar on Friday, February 25. Counsel for the parties are likewise available on that date.

5. The parties agree that it is necessary and prudent for Mr. Larson to be out of quarantine and defense counsel to be able to properly communicate with him prior to this matter's next court appearance.

6. The parties therefore stipulate that the period of time from February 4, 2022 through February 25, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request for the aforementioned reasons, as well as on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public

4

1 | and the defendant in a speedy trial.
2 | IT IS SO STIPULATED.

3 | Dated:  February 3, 2022                                    PHILLIP A. TALBERT
                                                                United States Attorney

                                                         By:  /s/ Brian W. Enos
                                                                Brian W. Enos
                                                                Assistant United States Attorney

(*As authorized 2/3/22*)

Dated: February 3, 2022                                    By:  /s/ Peter M. Jones
                                                                Peter M. Jones, Esq.
                                                                Attorney for Defendant
                                                                Nathan Daniel Larson

**O R D E R**

IT IS ORDERED that the status hearing currently set for February 4, 2022, at 9:00 am is continued until February 25, 2022, at 9:00 am.

IT IS FURTHER ORDERED THAT the period of time from February 4, 2022, through February 25, 2022, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 4, 2022**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE