UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. DALE A. DROZD

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 1:21-cr-00022-JLT-SKO-1 |
| Plaintiff, ) | |
| ) | Status Conference Regarding |
| vs. ) | Mental Evaluation Report |
| ) | |
| NATHAN DANIEL LARSON, ) | |
| ) | |
| Defendant. ) | |

Fresno, California                    Friday, December 17, 2021


REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Government:      **BRIAN ENOS**
                         Assistant U.S. Attorney
                         2500 Tulare Street, Rm. 4401
                         Fresno, California  93721

For the Defendant:       Wanger, Jones, Helsley, PC
                         265 E. River Park Circle
                         Suite 310
                         Fresno, CA  93720
                         BY:  **PETER MICHAEL JONES**


REPORTED BY:  RACHAEL LUNDY, CSR, RPR, Official Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
1   Friday, December 17, 2021                    Fresno, California
2   9:08 a.m.
3       (The following proceedings were held remotely via Zoom
4        application.)
5           THE CLERK:  Good morning.  Today is Friday, December
6   17, 2021.  Court is now in session before the United States
7   District Judge Dale A. Drozd, presiding.
8           The Court calls United States vs. Nathan Daniel
9   Larson, case number 1:21-cr-22, scheduled for a status
10  conference regarding the evaluation mental report.
11          THE COURT:  Please state your appearances beginning
12  with counsel for the government.
13          MR. ENOS:  Good morning, Your Honor, Brian Enos,
14  United States.
15          MR. JONES:  Peter Jones for Mr. Nathan Larson, who is
16  present via video conferencing, at the Fresno County Jail.
17          THE COURT:  And Mr. Larson, can you hear us?
18          THE DEFENDANT:  Yes, Your Honor. As a due process
19  concern, I would like to ask, have there been any written
20  filings pertaining to today's hearing, because if there are, I
21  have not seen them, anything dating since the evaluation was
22  issued?
23          THE COURT:  All right.  The matter is on calendar for
24  status conference, having been continued a few times.  In
25  connection with today's status conference, I have reviewed the
```

1   forensic evaluation prepared by the Bureau of Prisons Doctors
2   Shelton and Matthews, dated October 21st, as well as the
3   forensic addendum prepared by those same two doctors, also
4   dated October 21st.
5           Mr. Larson has filed, on December -- at least he has
6   submitted; we have not filed it on the docket, because
7   Mr. Larson is represented by counsel.  So we forwarded it to
8   his counsel, a filing that the Court received on December
9   15th, which was his motion to appoint amicus or standby
10  counsel for purposes of competency proceedings.
11          As I have indicated before, I am not going to hear a
12  Marsden or Faretta motion for self-representation until the
13  issue of competence has been resolved.  However, based upon
14  the reports that have been submitted, if there's no other
15  evidence, I'm prepared to rule on that matter today and move
16  this case forward.
17          What does the government want to do?
18          MR. ENOS:  What the government would like to do, Your
19  Honor, and it's largely to make sure that this record is
20  adequate for potential appellate review down the line is, file
21  a very short brief.  I don't expect competency to be a
22  challenge in light of my understanding that Mr. Larson indeed
23  agrees with the findings in the BOP report, at least the
24  ultimate conclusion, attached both the report and the
25  supplemental, happy to file those under seal, but at least

1  they're a part of the record.  I think I can do so by the
2  first of the year.  And then set -- depending on what type of
3  time the defense would like to file anything in addition to
4  that, a competency hearing.
5       And if competency is indeed resolved favorably for
6  Mr. Larson, have -- you know, the Court can then decide at
7  that point to decide what it wants to do as a Faretta issue,
8  if it wants to handle it the same day, that's fine with the
9  government; or wants to handle it on a different day, that's
10 fine with the government.
11      But the government would like to make sure there's a
12 proper record established here in this case, because candidly,
13 I think this case will be appealed, and I want to make sure
14 that we've got, you know, the necessary analysis by the
15 district judge, that follows a short brief by the government
16 and anything that the defense might like to file.
17      I might add in a case that was venued in
18 Sacramento -- it was originally a Judge England case, although
19 it looks like Judge Shubb handled the competence issue --
20 that's what took place.  Step one was order for competency
21 exam.  Step two was issuance of competency report.  And then
22 step three soon after, short supplemental brief by the
23 government attaching the competency report so that district
24 court had that in hand, as well as a short briefing from the
25 government by the time the competency hearing commenced.

1          To the extent it's helpful, that case was docketed as
2  2:19-cr-126-MCE.  It was *United States vs. Jaziz*, J-A-Z-I-Z,
3  *Cea*, C-E-A.
4          THE COURT:  Mr. Jones, do you have any position on
5  how you want to proceed at this point?
6          MR. JONES:  Well, I would like to talk to my client
7  briefly.
8          Communicating with Mr. Larson has been difficult.
9  They have not let me into the jail to see him because of
10 quarantine issues, and we've talked on the phone.  I've set up
11 a telephone conference, but I have not had an opportunity
12 within the last week to talk to him and is -- I do need to
13 address an issue with him, if I may.
14         THE COURT:  All right.  Mr. Jones, could I --
15         MR. JONES:  Let me --
16         THE COURT:  Can I interrupt you?
17         MR. JONES:  Yes.
18         THE COURT:  I've got a -- I've got a long calendar
19 today most -- mostly because it is the last calendar in the
20 NONE-designated caseload that's scheduled for the year.  But
21 that starts at 9:30.  Would it be helpful to you at all to be
22 placed in a breakout room with Mr. Larson for 10 to 12
23 minutes, at least get started?
24         MR. JONES:  Yes, ten minutes or less.
25         THE COURT:  Yeah, Madam Clerk, can you put Mr. Larson

1   and Mr. Jones into a breakout room?  And then just come back
2   in.  Try to not make it too much longer than ten minutes.
3          MR. JONES:  Agreed.
4          THE COURT:  The rest of the calendar does start at
5   9:30, but you know, anything I can do to advance the ball, I'm
6   happy to do.
7          MR. JONES:  Thank you.
8          THE CLERK:  I will initiate the room, you've just got
9   to press a button to accept.  So Mr. Larson, you may need the
10  officer deputy to help you on your monitor.
11         THE DEFENDANT:  Yes, ma'am.
12         THE COURT:  Or do you have -- do you know, are your
13  hands free, Mr. Larson, or do you need help?
14         THE DEFENDANT:  I'm joining now.
15         THE COURT:  Okay.
16    (Breakout room between defense counsel and client.)
17         THE COURT:  All right.  We're back on the record.
18  Mr. Jones and his client, Mr. Larson, have rejoined us.
19         And Mr. Jones, do you have any position regarding the
20  government's proposal with respect to the setting of
21  competence hearing shortly after the first of the year?
22         MR. JONES:  Well, the Court indicated a willingness
23  to rule today, and we're submitting it on the report from the
24  Bureau of Prisons on that issue, and we invite the Court to
25  rule today.  If there's a hearing, Mr. Larson would like that

1   to be set as soon as possible, and also he would request a

2   Faretta hearing -- Faretta hearing on his Faretta motion the

3   same day or as soon thereafter as possible.  And his request

4   is that if the Court would allow, he would like to appear in

5   person in a courtroom for that motion.

6         THE DEFENDANT:  Your Honor, that's because of my

7   public trial concerns.  I would like for a matter of -- matter

8   of this importance to be heard before the public so that this

9   hearing -- hearing of this public can remind --

10        THE COURT:  I'm not listening to Mr. Larson anymore.

11        THE DEFENDANT:  All right.

12        THE COURT:  He's represented by counsel.

13        I'll note that a public line is open, and that anyone

14   that wishes to listen to these proceedings may do so, that the

15   instructions for how to do so are listed on the public

16   calendar, so the public line is open, as you can see on your

17   screen.  And anyone that wants to monitor these proceedings is

18   free to do so.

19        THE DEFENDANT:  I -- I object in light of the fact

20   that under U.S. Superior --

21        THE COURT:  I'm not -- I'm not engaging you in any

22   further conversations to this matter, Mr. Larson.  You are

23   represented by counsel at this time.

24        Mr. Jones, does the defense have any authority for

25   the proposition that a waiver is required by the defendant --

1  well, first of all, is it a request that any competence
2  hearing be held in person, or is it a request that any hearing
3  on the Faretta motion be conducted in person?  My belief is
4  there is not a right to an in-person appearance before the
5  Court for purposes of hearing on motions, only for entry of
6  plea and sentencing, or trial proceedings.
7       Now, if I'm wrong about that, I'd certainly consider
8  any authority that the defense has to present.
9       Let me talk about a second consideration here.  I'm
10  monitoring the situation closely, but it does appear possible
11  that Magistrate Judge Thurston may get a confirmation vote on
12  the Senate floor today.  Closure has been filed in connection
13  with her nomination as well as a number of others.
14       It may well be that by the first of the year,
15  Magistrate Judge Thurston, if confirmed, will have taken the
16  oath, and assumed duties as a district judge if she's
17  confirmed.  The NONE caseload, at some point shortly
18  thereafter, will be kept intact and reassigned to then
19  District Judge Thurston, if she's confirmed.  So I may not be
20  conducting these proceedings in any event.  And that's a
21  little bit more of a wrinkle.
22       I've also got a trial starting January 4th in Fresno,
23  a criminal case.  I may be able to accommodate an in-person
24  hearing.  Although sometimes it takes longer to schedule due
25  to just the logistics involved.  But I'm not exactly sure when

1   I could schedule it.  What's that Friday?
2           MR. JONES:  7th.
3           THE CLERK:  January 7th.
4           THE COURT:  Yeah.
5           THE CLERK:  You also tentatively have two in-person
6   sentencings scheduled for that Thursday, January 6th.
7           THE COURT:  Yeah, the problem is I'm trying to jam
8   those in on breaks basically.
9           THE CLERK:  Yeah.
10          THE COURT:  And I don't think I can load that up
11  anymore.
12          And just so that Mr. Larson knows, that he may be
13  aware of this, but for the last two years, all of the criminal
14  cases of the entire Fresno courthouse have been in front of
15  me, and it is a difficult juggling act because that involves
16  at any one time around 740 criminal defendants.  So it is
17  difficult to schedule with precision that many cases, for that
18  long, especially.  So it's got nothing to do with this case.
19  It's -- it's just the concerns that the Court faces, obviously
20  that's going to change if we get a second district judge
21  finally confirmed and taking their seat.
22          Let me ask you this, Mr. Enos, are you available
23  January 7th for a competency hearing and determination?  Based
24  upon what I know so far, unless something convinces me
25  otherwise, I'm going to be, if it's in front of me, and I

1   could perhaps keep it in front of me until that ruling, I
2   think I'll be ready to rule from the bench on that issue.
3            So I -- I think I can rule at that hearing.  And you
4   know, Mr. Larson has indicated that if that's a ruling, I'm
5   assuming from what Mr. Jones says, Mr. Larson is also going
6   to, at the same time, request that he be allowed to represent
7   himself.  Would you be available on January 7th for those
8   proceedings?
9            MR. ENOS:  I am, Your Honor.  I'm -- I am duty
10  attorney, so if other -- like I'm sure I can swap out if
11  necessary, but if I can keep the 2 to 3 p.m. window open for
12  duty court, that would be preferred but, yes, I'm available.
13           THE COURT:  I think my internet connection has gone
14  unstable again.  Hopefully everyone is hearing.
15           MR. ENOS:  Would you like me to repeat Your, Honor?
16           THE COURT:  No, I think I got that.
17           Mr. Jones, are you available on January 7th?
18           MR. JONES:  I am.
19           THE COURT:  Okay.  Let's set this for competency
20  hearing, and Faretta motion, if that's what Mr. Larson wishes
21  to pursue, on January 7th.  Let's set it for the morning of
22  January 7th.
23           What time, Madam Clerk?
24           THE CLERK:  You could have it at either 8:30 or 9:00.
25           THE COURT:  And the rest of calendar is set for?

|    |                                                                      |
|----|----------------------------------------------------------------------|
| 1  | THE CLERK:  9:30.                                                    |
| 2  | THE COURT:  Now let me ask you this, would counsel be                |
| 3  | available on the 6th, if I can figure out a way to do it?            |
| 4  | MR. JONES:  Yes, Your Honor.                                         |
| 5  | MR. ENOS:  I'm available.                                            |
| 6  | THE COURT:  Okay.                                                    |
| 7  | MR. ENOS:  I have the same duty court concerns with                  |
| 8  | 2:00 p.m., but otherwise available.                                  |
| 9  | THE COURT:  All right.  I'm going to --                              |
| 10 | MR. JONES:  I'm flexible both days, so long as                       |
| 11 | Mr. Larson can be brought over.                                      |
| 12 | THE COURT:  Yeah.                                                    |
| 13 | MR. JONES:  I'm on call.                                             |
| 14 | THE COURT:  Let me consult with Irma, see if we can                  |
| 15 | figure out a way that we can do it on the 6th.  I may advance        |
| 16 | it to the 6th, but let's -- right now, we're going to schedule       |
| 17 | it for the 7th, at 8:30 a.m.                                         |
| 18 | It may be live in-person appearance before the Court,                |
| 19 | but I also would like, if there's authority for that                 |
| 20 | proposition that the defendant is entitled to an in-person           |
| 21 | hearing on that motion of that type, if the defense can brief        |
| 22 | me with any sort of --                                               |
| 23 | THE DEFENDANT:  Your Honor, I can advise my attorney                 |
| 24 | regarding some authorities I've looked up.                           |
| 25 | THE COURT:  I'm not listening to you, Mr. Larson.                    |

1   You can talk to your lawyer as much as you want.  You're
2   represented by counsel until I say otherwise.
3           It sounds though as if Mr. Larson is going to share
4   some authority with you, Mr. Jones.  If you can advise the
5   Court in a filing of any authority for that proposition.  I
6   may hold it live unless I ultimately determine that that's not
7   necessary.  But we'll schedule right now for the 7th, at 8:30,
8   for both motions.
9           When can you get something on file Mr. Enos?
10          MR. ENOS:  I can do that either seven or eight days
11  before the hearing, by December 30th.
12          THE COURT:  All right.
13          MR. ENOS:  And Your Honor, if I may, could I ask the
14  Court if it would be comfortable granting a request to submit
15  the report and the addendum under seal now, or would you
16  prefer an application and proposed order in advance of the
17  filing?
18          THE COURT:  Well, I'm going to need to issue an order
19  sealing anyway.  But I -- I will obviously author that.  I've
20  reviewed them.  They've been sent directly to me.  And I agree
21  they should be filed under seal.  So if I do authorize it, but
22  if you can submit a proposed order to that effect, I will sign
23  it.
24          MR. ENOS:  Thank you.
25          THE COURT:  You don't need to file an application.

1  Just submit a proposed order because it's obvious they should
2  be sealed.
3          MR. ENOS:  Thank you.
4          THE COURT:  Anything else we can do in this case
5  today?
6          MR. ENOS:  No, Your Honor.  Thank you.
7          MR. JONES:  No.  No, thank you.
8          THE COURT:  As indicated, I do have an interest, as
9  apparently Mr. Larson does, to move this along.
10         THE DEFENDANT:  Your Honor, I don't mean to
11 disrespect your authority, but I do have an obligation to
12 raise whatever objections are necessary to preserve them for
13 appeal.
14         THE COURT:  You're representing -- you're represented
15 by counsel at this time, Mr. Larson.
16         THE DEFENDANT:  Well, okay.  But in protection of my
17 own interest, I will say that I object to sealing the reports
18 and the motions for public trial concerns.
19         THE COURT:  I'm not -- I'm not -- I'm not ordering
20 that any motion be filed under seal.
21         THE DEFENDANT:  Yeah.
22         THE COURT:  I'm only -- I'm only ordering that the
23 Bureau of Prisons reports be filed under seal.
24         THE DEFENDANT:  I prefer they be public.
25         THE COURT:  Well, I'm overruling that objection at

1    this time, which you have no standing to make since you're
2    represented by counsel.
3             Just like presentence reports are filed under seal
4    and are not publicly available, so too will these Bureau of
5    Prisons forensic examination reports be filed under seal.
6             Anything else?
7             MR. ENOS:  No, Your Honor.
8             MR. JONES:  No, thank you.
9             THE COURT:  Thank you.  See you on January 7th unless
10   we advance it to the 6th.
11        (Proceedings concluded at 9:37 a.m.)
12
13
14
15
16
17
18
19
20
21      I, RACHAEL LUNDY, Official Reporter, do hereby certify the
22   foregoing transcript as true and correct.
23
24   Dated:  April 18, 2022              /s/ Rachael Lundy_____
                                         RACHAEL LUNDY, CSR-RPR
25