1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. JENNIFER L. THURSTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>            ) 1:21-cr-00022-JLT<br>       Plaintiff, )<br>            ) Status Conference Regarding<br>   vs.      ) Defendant's Mental<br>            ) Evaluation<br> NATHAN LARSON, )<br>            )<br>       Defendant. )<br>_____) | |

Fresno, California                          Thursday, March 31, 2022

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Government:         **BRIAN ENOS**
                            Assistant U.S. Attorney
                            2500 Tulare Street, Rm. 4401
                            Fresno, California 93721

For the Defendant:          Wanger, Jones, Helsley, PC
                            265 E. River Park Circle
                            Suite 310
                            Fresno, California 93720
                            BY:  **PETER MICHAEL JONES**

REPORTED BY:  RACHAEL LUNDY, CSR, RPR, Official Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

| | |
|---|---|
| 1 | Thursday, March 31, 2022                    Fresno, California |
| 2 | 9:05 a.m. |
| 3 |     THE CLERK:  The Court calls United States vs. Nathan |
| 4 | Daniel Larson, case number 1:21-cr-22, scheduled for status |
| 5 | conference. |
| 6 |     THE COURT:  Let me take appearances, please. |
| 7 |     MR. ENOS:  Good morning, Your Honor.  Brian Enos on |
| 8 | behalf of the United States. |
| 9 |     MR. JONES:  Peter Jones.  I'm currently standby |
| 10 | counsel for Nathan Larson, who's representing himself at this |
| 11 | time. |
| 12 |     THE COURT:  All right.  Thank you. |
| 13 |     So I've been advised that Mr. Larson has refused to |
| 14 | wear his mask this morning. |
| 15 |     It's my intention, then, to revoke his appointment -- |
| 16 | or my permission for him to proceed by representing himself, |
| 17 | and reappointing Mr. Jones. |
| 18 |     Do you have any comment about that? |
| 19 |     MR. JONES:  No.  I accept the appointment, Your |
| 20 | Honor.  I understand the Court's position. |
| 21 |     THE COURT:  Mr. Enos, any comments? |
| 22 |     MR. ENOS:  Certainly no negative ones.  I appreciate |
| 23 | the ability to speak to Mr. Larson's counsel in this manner, |
| 24 | at this point forward, at least to get through discovery. |
| 25 |     THE COURT:  I would note that I did, through the |

1  marshal, advise Mr. Larson of his refusal to come in, I would
2  deem him to be a disruptive defendant and, thereby, in
3  essence, giving up his right to represent himself in this
4  case.
5           I also indicated that I would be appointing Mr. Jones
6  to represent him.  And despite that, he is refusing to put on
7  his --
8           COURT REPORTER:  I'm sorry?
9           THE COURT:  -- despite that, he is refusing to put on
10 his mask and enter the courtroom.  So I will appoint
11 Mr. Jones.
12          We were on calendar for status.  Anything we can do
13 in that regard?
14          MR. ENOS:  You know, there is, Your Honor.  I --
15 there's a lot of things that -- moving forward.  I'll just
16 state on the record, since our last court appearance, the
17 government has indeed gone through all written discovery and
18 redacted pursuant to the prior protective order in place.
19 Mr. Jones and frankly, Mr. Larson's investigator, Brian Pinto,
20 P-I-N-T-O, very graciously allowed me to hand materials to him
21 so Mr. Larson can more efficiently receive them.
22          I handed them to Mr. Jones last Friday, the 25th, and
23 I understand Mr. Larson received them on the 28th.
24          There are some things that we can still do even
25 before we figure out a continuance.  I've received two letters

1  directly from Mr. Larson since he has -- since he was first
2  appointed from the Court, allowed to represent himself.  One
3  of them goes into some detail about case resolution issues.  I
4  want to follow up with those with Mr. Jones.
5       In addition, there's limited parts of discovery,
6  frankly, I did not give to Mr. Larson, for -- you know, to
7  have in the jail cell.  They had to do with a video-taped
8  interview of the confidential victim, who's a minor, as well
9  as either an audio or a body cam interview of her then
10 13-year-old friend.
11      What I propose to do now is -- and I think the
12 protocol would be simpler here is, I'll work with Mr. Jones
13 with respect to the defense receiving those, and able to
14 review those.
15      There also may be limited additional information that
16 I don't yet have that I'll work with Mr. Jones as well, but I
17 think we can still continue -- at least proceed with those
18 matters that I've raised today even before we reconvene.
19      THE COURT:  All right.  Mr. Jones, do you have
20 comments?
21      MR. JONES:  I'm sorry, Your Honor?
22      THE COURT:  Any further comments then today?
23      MR. JONES:  No.  I -- as far as moving forward, I
24 would ask the Court to -- I know Mr. Larson's position was not
25 to waive time.  However, I would move to exclude time and

1  continue this hearing for at least two weeks and revisit the
2  status conference at that time.
3              THE COURT:  All right.  Is that going to be enough
4  time, Mr. Jones, two weeks?
5              MR. JONES:  Well, at least two weeks.  If we can
6  actually get -- three weeks, would be better, but I'm not
7  available on the 21st.
8              MR. ENOS:  We normally would hear this on a Friday,
9  though; is that correct, Your Honor?
10             THE COURT:  Right.
11             MR. JONES:  So the 22nd.
12             THE COURT:  That would be, of course, though unless
13 Mr. Larson is insisting on in-person appearance; but if he's
14 not going to wear a mask, I don't know.
15             MR. JONES:  Then I would probably be in a position
16 where I'd have to ask him.
17             THE COURT:  Set an in-person and see how it goes on
18 that day.
19             MR. JONES:  Yes.
20             THE COURT:  All right.  Then let's see, we can set it
21 on April 21st.
22             MR. ENOS:  I believe that's still a Thursday.
23             THE COURT:  It is a Thursday, but that's when I'm
24 doing in-person appearances.
25             MR. ENOS:  Got it.  That works for the government.

1           MR. JONES:  I'm, unfortunately, in Merced court that
2    morning.
3           THE COURT:  Okay.
4           MR. JONES:  The 28th, I'm available.  The 22nd, the
5    Friday, or the 28th.
6           THE COURT:  Let's go ahead and set it on the 28th,
7    then.
8           MR. JONES:  Okay.
9           THE COURT:  And we'll set that for in-person
10   appearance.  Of course, again, Mr. Jones, I'm going to ask you
11   to let Mr. Larson know that masking will be required on that
12   day as well.  To allow Mr. Jones to come back up-to-speed to
13   review the discovery provided by Mr. Enos and to obtain
14   additional discovery, I will find good cause exists, and the
15   interest of justice outweigh the interest of the defendant in
16   a public and a speedy trial.  I will exclude time pending that
17   next hearing, which is going to be April 28th.
18          MR. JONES:  28th.
19          THE COURT:  April 28th, at nine o'clock.
20          MR. ENOS:  And to add to the good cause basis for the
21   exclusion, Your Honor, the government will also discuss
22   potential case resolution initially raised by Mr. Larson in a
23   letter directly addressed to me and dated March 19, 2022.
24          THE COURT:  All right.  Thank you for that.  I'll
25   find that's the basis as well.  All right.  Thank you.

1        MR. ENOS:  Thank you.

2        THE CLERK:  Court is in recess.

3    (Proceedings were adjourned at 9:12 a.m.)

10   I, RACHAEL LUNDY, Official Reporter, do hereby certify the

11   foregoing transcript as true and correct.

13   Dated:  April 18, 2022          /s/ Rachael Lundy_____
                                     RACHAEL LUNDY, CSR-RPR