UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. DALE A. DROZD, JUDGE

```
UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )   No. 21-CR-22-NONE
                               )
vs.                            )   STATUS CONFERENCE
                               )   COMPETENCY HEARING
NATHAN DANIEL LARSON,          )
                               )
          Defendant.           )
_____)
```

Fresno, California                 Friday, January 7, 2022


REPORTER'S TRANSCRIPT OF PROCEEDINGS




**APPEARANCES OF COUNSEL**:


For the Plaintiff:        United States Attorney's Office
                          BY: **BRIAN ENOS**
                          2500 Tulare Street
                          Suite 4401
                          Fresno, California 93721


For the Defendant:        Wanger Jones Helsley
                          BY: **PETER JONES**
                          265 East River Park Circle
                          Suite 310
                          Fresno, California 93720


REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer aided transcription.

1    Friday, January 7, 2022                    Fresno, California

2    8:36 a.m.

3            THE CLERK:  The Court calls United States versus

4    Nathan Daniel Larson.  Case number 1:21-CR-22.  Scheduled for

5    status conference, competency.

6            THE COURT:  Competency hearing, yes.  Please state

7    your appearances beginning with counsel for the government.

8            MR. ENOS:  Brian Enos, United States.

9            MR. JONES:  Peter Jones for Nathan Larson, who is

10   present in court in custody at the jail.  We are on video

11   conference.

12           THE COURT:  And in connection with the competency

13   hearing scheduled for today's date, the Court has, of course,

14   even before the last appearance on this matter, had received

15   the forensic evaluation and the forensic addendum prepared by

16   the United States Bureau of Prisons.

17           At the last appearance, the government requested that

18   it be allowed to submit supplemental briefing on the

19   competency issue.  It has done so on December 30th, docket

20   number 62.  I've reviewed that brief.  The defense has filed a

21   response brief filed January 4th.  Is there anything else I

22   should have received in connection with the motion?

23           MR. ENOS:  No, Your Honor.

24           MR. JONES:  No, Your Honor.

25           THE COURT:  Before addressing the competency

1   determination, which I'm prepared to do today, and if the

2   parties agree, to rule on today since it appears to be

3   unanimous opinion, both by the evaluators at the Bureau of

4   Prisons as well as counsel for the government and counsel for

5   the defense, each join in the position that Mr. Larson should

6   be found by the Court to be competent to stand trial.  Some

7   preliminary issues were raised by the defense in their

8   response.  Some of these -- I think most of them actually were

9   discussed at the last hearing.

10         THE DEFENDANT:  Your Honor, I've not had the

11   opportunity to review my attorney's filing, the final version

12   of it.  So therefore, I am hindered by this Zoom format from

13   assisting my counsel in my defense with regard to this matter.

14   Since he can't pass documents to me.

15         THE COURT:  Is Mr. Larson requesting another

16   continuance, Mr. Jones?

17         MR. JONES:  I haven't discussed a continuance with

18   him.  I did go see Mr. Larson last week with a draft of what I

19   was filing.  It was not complete but we did follow that up

20   with, I think, three phone calls in which he suggested some

21   additional authorities.  And I actually incorporated those.

22   But at this point, I have submitted what I believe is -- the

23   Court invited briefing on a public hearing in this case.  And

24   I submitted that.  If Mr. Larson would like to talk about a

25   continuance, I'd like to go into a breakout room and discuss

1  that with him.

2          THE COURT:  You want to discuss whether you wish a

3  continuance of this hearing, Mr. Larson?  Do you want to

4  discuss that with your attorney?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  All right.  And just to let you know, the

7  defense filing, filed by Mr. Jones, who is representing you at

8  this time in this case, responds to the government's

9  supplemental brief with respect to competency.  It takes the

10  position that you should be found competent to stand trial.

11  But objects to some aspects of the report, the Bureau of

12  Prisons psychological psychiatric report, and definitely makes

13  clear that the defense does not agree with all aspects of the

14  evaluation, just with the ultimate conclusion.

15          And then there's -- the entire brief is about three

16  pages long.  And the second half of it is devoted to

17  addressing issues regarding your personal appearance in court,

18  which I believe I fully addressed at the last hearing.  And no

19  authority that's been cited to me, in my opinion, has any

20  persuasive authority whatsoever with respect to any claim that

21  this is not an appropriate hearing.

22          The CARES Act exemption is limited to certain

23  proceedings.  There is no right to an in-person appearance

24  before the Court generally for hearing on motions and the

25  like, which I believe this is akin to.  There is no such

1    right, either constitutional or statutory or based upon

2    federal rules.  The holding of a remote hearing on this matter

3    is completely appropriate and authorized.  There is no right

4    to an in-person appearance, as far as I'm concerned, under the

5    law.  No authority has been cited to me that would persuade me

6    otherwise.

7              And in terms of -- I addressed this issue at the last

8    hearing because you were making objections in that regard.

9    And second of all, this is a public hearing.  There's the

10   suggestion that it's not in the defense papers.  And that's

11   simply incorrect and erroneous.  This is a public hearing.

12   There is a public line.  Anyone that wishes to monitor, listen

13   to these proceedings, know everything that we're talking about

14   is free to do so.  And as you can see on your screen, if

15   you've got a gallery view, the public line is open.  Anyone

16   can phone in.  That number is listed on the Court's website.

17   It's listed on the publicly available calendars.

18             And finally, I would add, that in the last -- well,

19   just this week, just since Monday, today is Friday.  There

20   have been seven reported cases of positive COVID-19 infection

21   among individuals working in the federal courthouse in Fresno.

22   Seven I believe is the correct number.  I have been exposed

23   and have a test scheduled for later today as well as on the

24   10th day following the exposure.

25             The Courts of the Central District of California and

1  the Northern Districts of California earlier this week have

2  ceased all public hearings of any kind, trials or otherwise,

3  for at least three weeks.  The Eastern District of California

4  has not yet done the same thing.  But I am taking that action

5  in my cases in the Fresno courthouse.  Other offices within

6  that building have closed in light of the surging COVID-19

7  infection rates in the counties making up our district.

8          And I am making a finding that, through the end of

9  this month, trials and other proceedings cannot be safely

10  conducted in the US District Court for the Eastern District of

11  California in the Fresno courthouse.  And I won't even be

12  conducting -- I'm vacating any trial dates that are set

13  through the end of this month.  And I will not be conducting

14  any live sentencing or change of plea proceedings, the two

15  proceedings where a waiver of right to personal appearance is

16  required under the CARES Act.  I will not be setting any of

17  those requested live appearances in the Fresno courthouse at

18  least until February.  So --

19          THE DEFENDANT:  I --

20          THE COURT:  I'm not inviting any discussion.  You're

21  represented by counsel at this point.  But that's the

22  situation.  And madam clerk, please place Mr. Jones and Mr.

23  Larson in a breakout room.

24          MR. JONES:  Thank you.

25      (Recess while the defendant and Mr. Jones confer in a

1      breakout room.)

2          THE COURT:  And let the record reflect that Mr. Jones

3  and his client, Mr. Larson, are back before the Court.  My

4  apologies, gentlemen, but it's been just about a half hour

5  since this case was called.  The Court has a full calendar

6  today and must move forward.  As I indicated, I'm prepared to

7  make a competency determination, unless I hear something

8  differently during argument, and find Mr. Larson competent to

9  stand trial this morning here on the record.  But if he and

10 his attorney are requesting a continuance, I would grant that

11 continuance and we'll set it.  But we've got to move forward

12 now.

13         MR. JONES:  Thank you.

14         THE COURT:  What do you want to do, Mr. Jones?

15         MR. JONES:  Well, I want to put an objection on the

16 record that we've submitted a briefing regarding having a

17 public hearing at this time for the -- on the competency issue

18 and --

19         THE COURT:  This is -- I have to interrupt you.  This

20 is a public hearing.

21         MR. JONES:  Well, I'm just making my record on behalf

22 of my client.  I'm making my record that we object to this.

23 We believe it's constructively, constructively not a public

24 hearing because he can't sit next to me, we can't converse

25 throughout the hearing, he can't be passed motions to read,

1   paperwork.  The public can't come in to a courtroom where the

2   Court can see the faces and they can see the courtroom.  And

3   it's a constructive closure.  We want to put that on the

4   record.

5           THE COURT:  Mr. Jones, you don't believe any of that.

6           MR. JONES:  I'm submitting that for the record.

7   And --

8           THE COURT:  Because it's clearly a public hearing.

9   Anyone who wishes to may hear everything that we are

10  discussing.  And I've given you almost a full half hour to

11  consult with Mr. Larson.

12          MR. JONES:  Yes.  And I appreciate that.  I respect

13  that.  And we're grateful for that opportunity.  But for the

14  record, we're submitting that objection.  And as far as the

15  competency hearing is concerned; that is something Mr. Larson

16  would like more time to discuss with counsel.  And so we'd ask

17  to continue.

18          THE COURT:  So on the competency hearing, you're

19  asking for a continuance of that competency hearing?  I want

20  to be clear that you are requesting a continuance?

21          MR. JONES:  Let me say this.  I believe it's not

22  going to make a difference because we are submitting it on the

23  report.  And I'm prepared to proceed.  Mr. Larson would like

24  more time to talk to me about the other issues that we

25  presented to the Court.  I would suggest we proceed on the

1  competency issue and then if there are other matters that need

2  to be filed or presented, we could do that at a -- set another

3  hearing for that.

4  THE COURT:  Because as I've indicated, I'm

5  prepared -- if the matter is submitted without further

6  argument other than what's been filed by the parties, my

7  intention is to adopt the ultimate conclusion of the Bureau of

8  Prisons psychologist, find Mr. Larson competent to stand trial

9  in this case, make that finding on the record and then

10  proceed.

11  Given that intended ruling, is that what the defense

12  is requesting?  That I proceed with the competency hearing,

13  have the matter submitted on what's been filed so far and go

14  forward with the Court making that determination?

15  MR. JONES:  Yes.

16  THE COURT:  All right.  Mr. Enos, is there anything

17  that you wish to add with respect to the competency hearing,

18  other than what's been submitted?

19  MR. ENOS:  No, Your Honor.  But the government

20  welcomes any questions the Court may have.

21  THE COURT:  Mr. Jones, on behalf of Mr. Larson, is

22  there anything you wish to add other than what you've

23  submitted in writing?

24  MR. JONES:  No.

25  THE COURT:  Is the matter submitted for decision?

1          MR. JONES:  Yes.

2          MR. ENOS:  Yes, Your Honor.

3          THE COURT:  In making the competency determination,

4     this Court is guided by well established standards.  The Ninth

5     Circuit has explained, quote, "We begin with first principles

6               The constitution provides criminal defendants with

7               the right to be competent during trial."

8          *Indiana versus Edwards*, 554 US 164 at 170, 2008.

9     Citing *Dusky*, D-U-S-K-Y, *versus United States*, 362 US 402,

10    1960 per curiam.  And *Drope*, D-R-O-P-E *versus Missouri*, 420 US

11    162, 1975.

12               "At all times before his conviction, a defendant must

13               have a rational as well as factual understanding of

14               the proceedings against him and sufficient present

15               ability to consult with his lawyer with a reasonable

16               degree of rational understanding.  Id. If a defendant

17               fails to satisfy either of those requirements, then

18               the proceedings against him may go no further.  Id."

19          That is a quote from *United States versus Duncan*, 643

20    F 3d 1242 at 1248, Ninth Circuit, 2011.

21          See also *United States versus Mikhel*, M-I-K-H-E-L,

22    889 Fed 3d 1003 at 1037, Ninth Circuit, 2018.  Formulating the

23    question as whether, quote, "due to a mental disease or

24               defect, the defendant is either unable to understand

25               the nature and consequences of the proceedings

1      against him or to assist properly in his defense."

2          Quoting *United States versus Garza*, 751 F 3d 1130 at

3  1134, Ninth Circuit, 2014.

4          *United States versus Loyola Dominguez*, 125 F 3d, 1315

5  at 1318, Ninth Circuit, 1997, in which the Court stated,

6  quote, "Competency requires the defendant have the capacity to

7          understand the nature and object of the proceedings

8          against him, to consult with counsel, and to assist

9          in preparing his defense."

10         Also quoting *Drope*, 420 US at 171, 18 USC Section

11  4241(a) codifying the standard.

12         "The government has the burden of demonstrating by a

13         preponderance of the evidence that the defendant is

14         competent to stand trial."

15         *United States versus Frank*, 956 F 2d 872 at 875,

16  Ninth Circuit, 1992.  See also *United States versus Martinez*

17  *Hernandez*, 312 Fed Appendix 984 at 985, Ninth Circuit, 2009.

18         "In determining competency, the District Court may

19         consider psychiatric and psychological evaluation as

20         well as the defendant's behavior and demeanor in the

21         courtroom."

22         *United States versus Fernandez*, 388 F 3d 1199 at

23  1251, Ninth Circuit, 2010.  *United States versus Concepcion*

24  *Alvarez*, 385 Fed Appendix 763 at 765, Ninth Circuit, 2010.

25  Finally, "Trial courts must assess a defendant's competence

1   with specific reference to the gravity of the decisions the

2   defendant faces." *Chavez versus United States*, 656 F 2nd 512

3   at 518, Ninth Circuit, 1981.

4        In this case, the charges against Mr. Larson are

5   quite serious.  The Court has taken that factor into account.

6   However, the very detailed and comprehensive forensic

7   evaluation performed by the US Bureau of Prisons, the report

8   written by Dr. Shelton and reviewed and signed off on by the

9   chief forensic psychologist Dr. Matthews, have concluded,

10  after a thorough and exhaustive review and study of Mr.

11  Larson, that he -- that while it is highly likely that he will

12  continue to interject unconventional legal strategies and/or

13  attempt to disrupt proceedings, that this behavior is most

14  likely deliberate and goal directive, not derived from any

15  underlying mental disorder and that, rather, he appears to

16  have the ability to understand the nature and the consequences

17  of the Court proceedings against him and to properly assist

18  counsel in his defense.

19       I would note that, based upon Mr. Larson's conduct

20  during proceedings before me, while he has attempted to be

21  polite, I have tried to make it clear to him that while he's

22  represented by counsel, he has no standing, right, if you

23  will, to speak out during court proceedings.  That he should

24  speak through his counsel.  He has found it at times very

25  difficult, I think, to comply with that directive.  Though I

1  will say he's shown some effort in that regard.  I think he

2  finds it quite difficult to do so.

3       But ultimately the relevant legal question is not

4  whether a defendant will assist properly in his defense, but

5  whether he is able to do so.  And that is a quote from *United*

6  *States versus Battle*, 613 F 3d 258 at 263, DC Circuit, 2010,

7  quoting *United States versus Bachon*, B-A-C-H-O-N, 869 F 2d 653

8  at 655, First Circuit, 1989.

9       So while I have my concerns about Mr. Larson's

10 conduct, ultimately the uncontested evidence before the Court

11 and the only evidence before the Court is -- leads to the

12 conclusion that he, in fact, has the ability to understand the

13 nature and consequences of these court proceedings against him

14 and to properly assist counsel in his defense and I therefore

15 find him competent to proceed to trial and to engage in these

16 proceedings leading up to the trial of the case if that

17 ultimately is what is required.  And therefore, I make that

18 competency determination.

19      If the government believes that anything more than

20 what I've stated here on the record is appropriate to have in

21 a written order -- I believe the findings that I've made are

22 sufficient with respect to the competency determination.  But

23 if the government believes that more should be stated on the

24 record, the government can certainly present a proposed order.

25 And I would invite defense counsel to do the same --

1      (Off the record.)

2           THE COURT:  I would invite defense counsel to do the

3    same in submitting a proposed order if defense counsel is of

4    the belief that any additional or further findings are

5    appropriate in support of the Court's ultimate conclusion that

6    Mr. Larson is, in fact, competent to proceed in this case and

7    proceed ultimately to trial if that's what's determined to be

8    the action that should be taken.

9           So that resolves the issue of competency.  I know

10   that the -- we do have the forensic addendum, which the

11   government has taken a position on.  Mr. Jones, on behalf of

12   Mr. Larson, I think makes a good point.  At least absent any

13   authority to the contrary.  That forensic addendum, it seems

14   to me, addresses an issue that ultimately would be determined

15   were the case to proceed to trial.  And it's --

16           MR. ENOS:  Agreed, Your Honor.

17           THE COURT:  Okay.  So I'm not going to rule on any

18   issue with respect to the defendant's mental capacity at the

19   time of the alleged conduct.  I believe that's appropriate to

20   ultimately be resolved at a trial in this case if that's where

21   it ends up.

22           So having found Mr. Larson competent, how do the

23   parties wish to proceed at this point?

24           MR. JONES:  Now that Mr. Larson has been found

25   competent, he did and has, on a number of occasions, asked to

have a *Faretta* hearing in order to be allowed to represent

himself.  I've assured Mr. Larson I'm going to make objections

on his behalf as long as I -- they aren't patently frivolous.

But he has his own concerns and you wishes to represent

himself.

      THE COURT:  And Mr. Larson, is that the case?  I'm

sorry, sir, you're muted.

      THE DEFENDANT:  Your Honor.

      THE COURT:  I'm sorry, Mr. Larson?

      THE DEFENDANT:  What was your question?

      THE COURT:  Mr. Jones has indicated that you want a

*Faretta* hearing and that you wish to represent yourself.  Is

that, in fact, the case?

      THE DEFENDANT:  I do want to represent myself.  But

is it the case that my counsel acquiesced to holding the

competency hearing today?  Because I never consented to that.

      MR. JONES:  May I put something on the record?

      THE COURT:  You may.

      MR. JONES:  We, after discussing this matter, after

reviewing the reports, Mr. Larson did not want to fight the

competency issue.  And I agree with him.  There was no point

in continuing that issue.

      As far as further objections or briefing on the other

issue we raised, we can certainly bring that up again and

continue for a further hearing on that or just set this for

1   status and raise it again at that time.  So I don't -- in my

2   professional opinion, based on there being no contention

3   against the finding of competency, as I put forth in our brief

4   and I'll put again on the record, we don't agree with the

5   reasoning in all respects of Dr. Shelton.  But the conclusion,

6   we did agree with at this time that -- as the Court knows,

7   that could change.  It's an issue that's fluid and could be

8   raised again.  But at this time, being no objection to this,

9   there's no point in continuing it.  So that is why we went

10  forward today on that issue.

11          THE DEFENDANT:  I can explain my point if you want.

12          THE COURT:  Well, you're still represented by

13  counsel, Mr. Jones.  I think I figured out that your position

14  is that this hearing should be conducted in person in a

15  courtroom.  You seem to have some belief that anyone is

16  interested in your case.

17          THE DEFENDANT:  Is it not a high profile case?

18          THE COURT:  Maybe it is to you, sir.

19          THE DEFENDANT:  In terms of media coverage and so on.

20          THE COURT:  Any member of the press that wants to

21  monitor these proceedings is free to do so and knows exactly

22  how to do so.  And they're on if they wanted to be.  In any

23  event, I'm not engaging you in further discussion.

24          Do you want a *Faretta* hearing?  A hearing at which it

25  would be determined whether you should be allowed to represent

1  yourself.

2         THE DEFENDANT:  I want to hold that hearing in

3  person.

4         THE COURT:  If that's your request, I'll set it some

5  time in the month of February.  Is that what you want me to

6  do?

7         THE DEFENDANT:  Sure.

8         THE COURT:  You're sure about that?

9         THE DEFENDANT:  I don't see the down side because I

10  don't see what we can really accomplish while all these

11  pandemic restrictions are going on.  I imagine we can't go to

12  a jury trial if we can't even hold a hearing in person.

13         THE COURT:  Well, I -- I think you're wrong about

14  that.  Because --

15         THE DEFENDANT:  We're going to hold a jury trial by

16  Zoom?

17         THE COURT:  No.  But the case could be advancing.

18  We're not going to set -- if you were to -- if your lawyer

19  were to take the position that I should set a jury trial in

20  this case today.  Given the exclusion of time up to today's

21  date -- and if you were not requesting to represent yourself,

22  I don't think Mr. Jones would be asking for a jury trial date

23  before February 1st.  In fact, I suspect he'd be asking for at

24  least a longer period of time than that.  Something no sooner

25  than 60 days from today's date.  And while he was doing that,

1   he would be preparing the case for trial.

2          Now, if we don't even address the issue of whether or

3   not you're going to be allowed to represent yourself until

4   February, that is going to, therefore, delay the ultimate

5   setting of a trial date.  You understand what I'm trying to

6   tell you?

7          THE DEFENDANT:  Well, Mr. Enos could be preparing

8   discovery and getting that to us.  Where's the supplemental

9   discovery?

10          THE COURT:  All right.  Well, you're not going to

11   engage in -- I'm not going to engage you further because

12   you're not going to engage me.  So --

13          THE DEFENDANT:  I did.

14          THE COURT:  Mr. Jones, at this point you're still Mr.

15   Larson's attorney.  He's requesting a *Faretta* hearing.  I am

16   making a finding that the ends of justice do not -- and public

17   health and safety, given the Coronavirus outbreak and the

18   surging infection rates in the Eastern District of California

19   and in the Federal Courthouse in Fresno in particular, to

20   which I've been exposed and am currently undergoing testing to

21   try to confirm that I haven't contracted the virus.  That all

22   of those factors justify an exclusion of time in the interest

23   of justice despite the nature of the charges Mr. Larson faces.

24   As soon as we practically can, any appearance that he's

25   entitled to be personally present at, of course --

1          THE DEFENDANT:  I'd like to --

2          THE COURT:  Mr. Larson, be quiet.  Of course the

3   Court will accommodate those requests as I have throughout the

4   pandemic.  Where there is no right to an in-person appearance

5   before the Court, the Court, in consideration of safety

6   concerns, will continue to conduct those proceedings by way of

7   Zoom.  As Mr. Larson's attorney, do you join in his request

8   that a *Faretta* hearing be scheduled for February?  And if the

9   situation, in terms of infection rates improves, that the

10  matter be advanced?

11         MR. JONES:  Yes.  I do.

12         THE COURT:  Madam clerk, let's set the matter for

13  *Faretta* hearing and -- do you want it -- well, and further

14  status conference.

15         MR. JONES:  Yes.

16         THE COURT:  Including possible scheduling.  We'll put

17  it on calendar for all those purposes.  And the first calendar

18  in February, madam clerk.

19         THE CLERK:  February 4th at nine o'clock.

20         THE COURT:  If the infection rates decrease more

21  quickly than seems to be the common belief at this time, then

22  I have no objection to the matter being advanced.  But

23  finally, I should note that I anticipate that this case will,

24  in the coming days, certainly I would think by next week, now

25  that Judge Thurston has been confirmed as a United States

1   District Judge, this case, as well as all the other cases

2   bearing the "none" designation are almost certainly going to

3   be reassigned to Judge Thurston, who will be presiding over

4   those cases following their reassignment.

5         So all I would say, Mr. Jones, and Mr. Enos, if the

6   infection situation in your view changes, you're certainly

7   capable of contacting Judge Thurston's courtroom deputy and

8   inquiring whether the *Faretta* hearing and status conference

9   can be advanced.

10        Anything else we can do in this case today?

11        MR. ENOS:  No, Your Honor.  Thank you.

12        MR. JONES:  No.

13        THE COURT:  I'm -- time has been excluded up to this

14   point under 18 USC Section 3161(h)(1)(A), Local Code A, for

15   examination and/or hearing with respect to mental incapacity.

16   And from today's date to the February *Faretta* hearing date, I

17   am excluding that period of time both based upon Mr. Larson's

18   request for that hearing, his request that it be conducted in

19   person, which I will defer at that time to Judge Thurston if

20   she is assigned to the case.

21        And based -- so the request for a *Faretta* hearing, I

22   provide as a basis for exclusion under 18 USC Section

23   3161(h)(1)(D), Local Code E, and in addition, I find that the

24   interest of justice in public safety compel an exclusion of

25   time to the February date.

1          Anything further in this case?

2          MR. ENOS:  No, Your Honor.  But just to clarify, the

3    second basis is under T4, 3161(h)(7)(A) and (b)(4)?

4          THE COURT:  Yes, it is.

5          MR. ENOS:  Nothing further from the government, Your

6    Honor.

7          MR. JONES:  Nothing further.

8          THE COURT:  Thank you.  Mr. Larson, you can let the

9    guard there know we are done with your case for today.

10      (The proceedings were concluded at 9:32 a.m.)

11

12          I, KAREN HOOVEN, Official Reporter, do hereby certify

13   that the foregoing transcript as true and correct.

14

15   DATED:  25th of April, 2022        /s/  Karen Hooven
                                        KAREN HOOVEN, RMR-CRR
16

17

18

19

20

21

22

23

24

25