PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:21-cr-00022 JLT/SKO |
| Plaintiff, | **STIPULATION TO CONTINUE JULY 7, 2022 STATUS CONFERENCE TO AUGUST 19, 2022; ORDER** |
| v. | |
| NATHAN DANIEL LARSON, | |
| Defendant. | |

This case is set for a status conference on July 7, 2022. Dkt. 81. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The effect of the above protocols were recently continued through September 25, 2022. General Order 652 (E.D. Cal. June 27, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

3

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Nathan Daniel Larson ("Mr. Larson" or "defendant"), that this action's **Thursday, July 7, 2022 status conference be continued to Friday, August 19, 2022, at 9:00 a.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. At the conclusion of an in-person status conference regarding this case on April 28, 2022, the court set a continued status conference to take place on July 7, 2022. Dkt. 81.

2. As reported to the court by defense counsel, Mr. Larson is currently in the Intensive Care Unit at Fresno Community Hospital. The United States Marshals Service has since confirmed as much. Mr. Larson has been in the hospital since the week of June 13, 2022. When defense counsel was last able to visit Mr. Larson, he appeared to have lost a significant amount of weight, was intubated, and was unconscious. Last week, the U.S. Marshals contacted the hospital and was advised that Mr. Larson was "still heavily medicated, unable to communicate, and [defense counsel] would not be able to see him at this time."

3. As a result of Mr. Larson's above-described health issues, the parties contacted the court about an appropriate date by which to continue this matter. After hearing from the court in this regard, the parties discussed this issue with chambers and pursuant to the same identified August 19, 2022 as a continued status conference date wherein both the parties and the court are available to address the status of the case.

4. The parties therefore stipulate that the period of time from July 7, 2022 through August 19, 2022 is deemed excludable pursuant to: (1) 18 U.S.C. § 3161(h)(3)(A) because defendant is currently unavailable to attend court or otherwise participate in these proceedings; as well as (2) 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public

4

1 and the defendant in a speedy trial.

2 IT IS SO STIPULATED.

3 Dated: July 6, 2022	PHILLIP A. TALBERT
	United States Attorney

	By:  /s/ Brian W. Enos
	     Brian W. Enos
	     Assistant United States Attorney

(*As authorized 7/6/22*)

9 Dated: July 6, 2022	By:  /s/ Peter M. Jones
	     Peter M. Jones, Esq.
	     Attorney for Defendant
	     Nathan Daniel Larson

**O R D E R**

IT IS ORDERED that the status hearing currently set for July 7, 2022, at 9:00 am is continued until August 19, 2022, at 9:00 am.

IT IS FURTHER ORDERED THAT the period of time from July 7, 2022, through August 19, 2022, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(3)(A) because defendant is currently unavailable to attend court or otherwise participate in these proceedings; as well as 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **July 6, 2022**

UNITED STATES DISTRICT JUDGE